April 2,
1907.

## PETITION OF HENRY E. MŒBUS.

A question determined adversely to the petitioner by a judgment rendered in *habeas corpus* proceedings cannot be again litigated as a matter of right upon his subsequent application.

An escaped convict is not entitled to a trial after recapture, except upon the issue of his identity; and his refusal to litigate this question when opportunity is afforded him is an admission that he is the person the state alleges him to be.

Repeated applications for a writ of *habeas corpus* introducing no new facts material to the issue will ordinarily be summarily disposed of.

PETITION, for a writ of *habeas corpus*, filed December 28, 1906. It alleges substantially the same facts set forth in *Petition of Mœbus*, 73 N. H. 350, and claims (1) "that under the extradition laws of the states of New York and New Hampshire, I was entitled to a hearing before my committal to the state prison, no matter on what charge my extradition had been obtained, and no matter on what other ground or for what other reason the authorities of the state of New Hampshire purposed to hold me, and no matter whether or not I was the individual named in the extradition papers"; (2) "that having been extradited on the charge of breaking prison (P. S., c. 285, s. 13), I was entitled to a hearing on that charge, and no hearing having been had, I am entitled to

be liberated unless a hearing can now legally be had on that charge, when then all the questions of fact involved, including the question of identity, could be submitted to the decision of a jury"; and (3) that "I am not the man Mark Shinborn, who is alleged to have made his escape from the state prison in 1866, but I refuse now, as heretofore, to submit the question of identity to the decision of a judge, under any summary proceeding, on the ground that I was entitled to a trial by jury upon an indictment found by the grand jury on the specific charge of crime on which I was extradited from the state of New York."

The warden of the state prison filed an answer, stating, in substance, that the petitioner is in fact one Mark Shinborn, who was convicted at the October term, 1865, of the supreme judicial court for the county of Cheshire of the crime of breaking and entering and stealing, and was sentenced to confinement in the state prison for the term of ten years; that on February 27, 1866, he was committed to the prison to perform the sentence; that on December 3, 1866, he escaped from the prison and fled from the state; that upon extradition proceedings he was brought from the state of New York, and on November 8, 1900, was recommitted to the prison to serve the unexpired term of his sentence, which has not yet expired; and that the warden holds the petitioner by virtue of the original process of commitment.

*Henry E. Mœbus, pro se.*

*Edwin G. Eastman,* attorney-general, for the state.

WALKER, J. In this proceeding the petitioner seeks to raise the question whether he was legally committed to prison after he was brought to this state upon extradition. The facts and allegations now before the court do not materially differ from those arising upon his former petition, reported in 73 N. H. 350, in which the court denied his application. It is not alleged that anything has occurred since that decision affecting his legal status; so that the question presented upon this petition, having been determined against him by the former judgment, cannot be again litigated as a matter of right. He declined then, as he does now, to litigate the question of his identity on a petition for *habeas corpus,* insisting that it is immaterial, if, as he claims, he was forcibly brought to this state and lodged in the state prison without a judicial hearing. It is apparent, however, that if he is Shinborn he is legally held in prison under the original sentence for breaking and entering, as is alleged in the answer, without regard to the regularity or legality of the extradition proceedings

(*Pettibone* v. *Nichols*, 203 U. S. 192); and it was expressly so decided in the former case. The question of his identity seems to be in fact the only material one. See *Ex parte Mœbus*, 148 Fed. Rep. 39. But "his refusal to litigate the question of his identity is an admission that he is Shinborn, and it follows that he is legally confined in the state prison unless his term of imprisonment has expired." *Petition of Mœbus*, 73 N. H. 350, 352.

The petitioner is bound by that decision, which is followed and reaffirmed, with the suggestion that repeated applications for a writ of *habeas corpus* introducing no new facts material to the issue will ordinarily be summarily disposed of.

*Petition denied.*

All concurred.