STATE OF NORTH CAROLINA v. JESSIE B. LEWIS.

(Filed 22 May 1968.)

**1. Criminal Law § 75—**

The requirements of *Miranda v. Arizona,* 384 U.S. 436, are not applicable to retrials of cases which were originally tried before the effective date of that decision.

**2. Assault and Battery § 6—**

In a prosecution for secret assault, the court may properly instruct the jury that even if the victim knew his assailant was present, the assailant could be found guilty of secret assault if the victim was unaware that he was about to be assaulted. G.S. 14-31.

**3. Habeas Corpus § 1—**

An order or judgment in a *habeas corpus* proceeding discharging a petitioner is conclusive in his favor that he is illegally held in custody, and is *res judicata* of all issues of law and fact necessarily involved in that restraint.

**4. Judgments § 35; Criminal Law §§ 35, 68—**

Where the question of defendant's identity as the person accused has been determined at a *habeas corpus* hearing at which defendant was awarded a new trial, refusal of the court at defendant's retrial to allow defendant to introduce evidence tending to show that he is not the accused is proper, the *habeas corpus* judgment being *res judicata* as to that question.

APPEAL by defendant from *Morris, E.J.,* October 1967 Criminal Session of NASH.

Defendant was tried on an indictment charging secret assault with a deadly weapon with intent to kill. He entered a plea of not guilty. From a verdict of guilty as charged and judgment of imprisonment for a term of 10 years, less 4 months and 16 days time served, defendant appealed.

*Attorney General T. W. Bruton by Harry W. McGalliard, Deputy Attorney General, for the State.*

*Fields, Cooper and Henderson by Milton P. Fields and Leon Henderson, Jr., for defendant appellant.*

MORRIS, J. The offense for which defendant was tried at the October 1967 Session occurred on 28 December 1954. At the August 1955 Term of Nash County Superior Court, he entered a plea of *nolo contendere* and was sentenced to a term of 10 years in State's Prison. He subsequently escaped; and on 9 June 1965, he was arrested in Philadelphia, Pennsylvania, and returned to North Carolina. The F. B. I. report of his activities during that time is in-

corporated in the judgment and is replete with charges and convictions in other states for a variety of violations. On 12 January 1967, he filed a petition for writ of *habeas corpus* which was heard on 2 February 1967. At the conclusion of the hearing, Cowper, J. entered judgment granting defendant a new trial. In the *habeas corpus* proceeding, defendant alleged, among other things, that he was Harold B. Richardson. Among charges for which he was tried while on escape were impersonating a physician and the unlawful practice of medicine as Harold B. Richardson, M.D. At the *habeas corpus* hearing, his identity was put in issue, he alleging that he was Harold B. Richardson and the State contending that he was Jessie B. Lewis. Upon the evidence, Cowper, J. found as a fact that Jessie B. Lewis and Dr. Harold B. Richardson are one and the same person.

Defendant's assignment of error 3 is addressed to the court's allowing the sheriff to testify to a confession made by the defendant and in finding that the statements made to the sheriff were after the defendant had been warned of his constitutional rights. The sheriff was allowed to testify that the defendant told him that he had a piece of iron taped to his body under his shirt; that when the jailer was returning him to his cell he hit him on the head with it from behind, dragged him in the bullpen and locked him up; that he had saved up enough food for escape, and he and another prisoner had been planning the escape. Defendant's assignment of error 4 is to the court's allowing the sheriff to testify that in the presence of Jessie Lewis, Dock Evans stated to the sheriff that he and Jessie Lewis had talked of escape, saved up food; that Jessie Lewis had a piece of iron taped to his body; that he hit the jailer on the head with it, knocked him on the floor, hit him at least twice more while he was on the floor, unlocked the bullpen, dragged the jailer in and left him lying there and he, Dock Evans and Jessie Lewis ran out of the jail and into the woods. Defendant contends that the ruling in *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct., 1602, (hereinafter called *Miranda*) bars not only a confession but an admission of any nature by the defendant when, as here, defendant had not been warned that he had a right prior to interrogation to the presence of an attorney either retained or appointed by the court if he had no funds with which to employ counsel. The retrial of defendant began in October 1967, and defendant insists that since it began after the *Miranda* decision, the *Miranda* guidelines must be observed or the confession is inadmissible. The investigation of this brutal assault and the interrogation of defendant began in January 1955 — more than 12 years previous to this retrial. The evidence is clear that in 1955 defendant was warned of his consti-

tutional rights in accordance with the requirements then prevailing. The warnings now required by *Miranda* were not included. Defendant concedes that if this case had been tried prior to *Miranda*, the confession involved here would have been admissible. In *Johnson v. New Jersey*, 384 U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772, (hereinafter referred to as *Johnson*) it was held that *Miranda* is prospective only in its application. In *Johnson*, the Court said that the *Miranda* "guidelines are therefore available only to persons whose trials had not begun as of June 13, 1966". Defendant earnestly contends that the *Miranda* guidelines must be applied. We do not agree. In *State v. Branch*, 1 N.C. App. 279, 161 S.E. 2d 492, opinion filed by Court of Appeals this day, Brock, J. discusses the question exhaustively. We concur in the conclusion that the intent of the Court in *Johnson* and the rationale of the opinion is that the terms "cases commenced after" and "trials begun after" encompass the interrogation. We, therefore, hold that Jessie Lewis' confession in 1955 given under the procedural safeguards then applicable is properly admitted in evidence on a retrial after 13 June 1966, and defendant's assignments of error 3 and 4 are overruled.

Defendant's assignment of error 7 covers exceptions 39 and 40 to the charge of the court. The court charged the jury that "it is not essential to a conviction for a secret assault under the statute as now written that the person assaulted should be unconscious of the presence of his adversary, but his purpose must not be known, for in that event the assault would not have been committed in a secret manner". Defendant contends that it was prejudicial error to instruct the jury that even if the jailer knew the defendant was present, they could find him guilty of a secret assault if they found the jailer did not know he was going to be assaulted. Prior to the amendment of the statute, the instruction would have constituted prejudicial error. However, G.S. 14-31 now reads:

> "If any person shall in a secret manner maliciously commit an assault and battery with any deadly weapon upon another by waylaying or otherwise, with intent to kill such other person, *notwithstanding the person so assaulted may have been conscious of the presence of his adversary*, he shall be guilty of a felony . . ." (Emphasis supplied).

All of the cases discussed by defendant arose prior to the amendment. The charge of the court is based on the amended statute, applicable here, and is correct. Assignment of error 7 is, therefore, overruled.

Defendant's assignment of error 5 relates to the court's ruling

that defendant could not introduce any evidence tending to prove that he was not Jessie B. Lewis. At a prior *habeas corpus* proceeding brought by defendant, he had alleged that he was Harold B. Richardson and not Jessie B. Lewis. In the judgment entered in that proceeding, Cowper, J. found as facts:

"(1) that Jessie B. Lewis was arrested in 1948, in Rocky Mount, Nash County, N. C., and fingerprinted at that time, and was again arrested in 1955 and fingerprinted by the Rocky Mount Police Department, and that he was fingerprinted by the North Carolina Prison Department upon his commitment to the State's Prison on February 3, 1955; that upon the return of Jessie B. Lewis to the North Carolina Prison Department on July 11, 1965, he was again fingerprinted, and a comparison of the fingerprints taken in 1965 and the fingerprints taken in 1948 and 1955 show that they are identical, and that Jessie B. Lewis and Dr. Harold B. Richardson are one and the same person. (2) it having been admitted by the State that the petitioner was not represented by an attorney when he was tried on three counts of forgery, one count of breaking, entering and larceny, one count of escape, and one count of secret assault with a deadly weapon with intent to kill inflicting serious bodily injury, that the judgments in these cases are set aside and the petitioner is permitted to have a new hearing, and said cases are ordered duly docketed."

Based on these findings of fact, it was

"Ordered, Adjudged and Decreed: 1. that the petition hereinabove for Writ of *Habeas Corpus* is denied and that the court finds that Dr. Harold B. Richardson is identical with Jessie B. Lewis, and is being duly held by the North Carolina Prison Department; 2. that the State of North Carolina will retry the petitioner in Cases Nos. 6469, 6470 and 6471 — Forgery; Case No. 6472 — Breaking, Entering & Larceny; Case No. 28014 — Escape; and Case No. 6713 — Secret Assault with a Deadly Weapon with Intent to Kill Inflicting Serious Bodily Injury."

The court, on its own motion, ordered petitioner committed to Cherry Hospital for mental examination and evaluation.

Morris, E.J. held that the findings of fact and conclusions of law made by Cowper, J. with respect to the identity of the defendant constitute final judgment with respect thereto, that defendant did not give notice of appeal therefrom to the Supreme Court as he was entitled to do, and that the judgment constitutes *res judicata*.

Findings to this effect were entered in the record at the close of the State's evidence. Defendant excepted to the findings of fact and conclusions of law and to the refusal of the court to allow the introduction by defendant of any evidence as to identity in the presence of the jury.

The general rule with respect to the effect of a judgment rendered in a *habeas corpus* proceeding is that "an order or judgment discharging a petitioner is conclusive in his favor that he is illegally held in custody, and is *res judicata* of all issues of law and fact necessarily involved in that result". He, of course, could not be arrested upon the same warrant or indictment found illegal. 25 Am. Jur., *Habeas Corpus*, § 157, pp. 251-252; 39 C.J.S., *Habeas Corpus*, § 104; *State ex rel Cœciatore v. Drumwright*, 116 Fla. 496, 156 So. 721. See also *Petition of Moebus*, 74 N.H. 213, 66 A. 641. We think the same rule is applicable here. By the judgment in the *habeas corpus* proceeding, defendant was granted a new trial. He did not except to any portion of the order and made no effort to have it reviewed by the Supreme Court. It appears from the record that the same evidence sought to be introduced at his retrial was introduced at the *habeas corpus* hearing and heard by Cowper, J. Defendant now accepts the benefits of the judgment but complains about that portion affecting him adversely. Under the facts of this case, we hold that the court committed no error in refusing to allow defendant to introduce evidence as to identity. Assignment of error 5 is overruled.

Other assignments of error not set out in defendant's brief are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

In the trial below, we find

No error.

CAMPBELL and BRITT, JJ., concur.