Strafford
No. 84-090

THE STATE OF NEW HAMPSHIRE

v.

WAYNE B. DUMAIS

May 24, 1985

*Stephen E. Merrill,* attorney general (*T. David Plourde,* assistant attorney general, on the brief), by brief for the State.

*Joanne S. Green,* assistant appellate defender, of Concord, by brief for the defendant.

BROCK, J.   The defendant, Wayne B. Dumais, was convicted after a trial in the Superior Court (*Temple,* J.) on two charges of possession of stolen property. RSA 637:7. He appeals, asserting that because a search warrant was required both for his arrest and a search of an automobile made after his arrest, and because none was obtained, the trial court should have granted his pre-trial motion to suppress the admission of a stolen gun as evidence at his trial. We affirm.

On June 10, 1983, Ernest Leighton of Barrington returned home to discover that his house had been burglarized and three of his pistols had been stolen. Mr. Leighton phoned the Barrington Police Department, and Officer Bertrand responded to the call. There was testimony that three other people knew the location of the guns: his grandson, his sister-in-law, and a visitor, Wayne Dumais. Dumais had visited Mr. Leighton on several occasions prior to June 10, and Mr. Leighton had taken out his guns and shown them to Dumais.

Mr. Leighton gave Officer Bertrand a description of Dumais' car and the serial numbers of a .22 caliber and a .38 caliber pistol.

Officer Bertrand put the serial numbers of two of the handguns into the National Crime Information Center (NCIC) computer, and obtained the license plate number of Dumais' vehicle through the division of motor vehicles. On June 12, Officer Bertrand swore out a complaint and obtained a warrant for the arrest of Wayne Dumais for theft of firearms. In addition, because Dumais was from Concord, the Concord Police Department was notified of the arrest warrant. They were also told that the defendant might be operating a blue Chevrolet Camaro which previously had been reported stolen from the Somersworth-Barrington area.

On the same day that Mr. Leighton had discovered the burglary, the Somersworth Police Department received an anonymous tip from a caller who believed he had witnessed a drug deal at the "My Brother's Pub" in Somersworth. The caller observed a man arrive at the pub in a "Camaro-type vehicle." The man entered the pub and spoke to another individual, whereupon the two left the pub together and went to the Camaro. The operator of the vehicle opened the trunk and handed a package to the other individual, who then re-entered the pub. Sergeant Donovan, who received the anonymous tip, notified Officers Pratt and Libby to be on the lookout for the vehicle described by the informant.

While patrolling the area, Officer Libby saw the vehicle as it pulled into the Orange Street parking lot. He approached the driver, Wayne Dumais, and informed him that Sergeant Donovan wished to speak to him. Donovan and two other officers arrived minutes later and advised Dumais that he had been stopped because he was suspected of being involved in a drug transaction. They also told him he was not under arrest. When the officers asked him if they could inspect his vehicle, he responded, "There are no drugs in the car. You are more than welcome to look through the car." The officers found two handguns, a .22 caliber pistol and a .38 caliber pistol, in the trunk of the car. Dumais said that the guns belonged to his recently deceased grandfather. After examining the guns, recording their serial numbers and running an NCIC check, which proved negative, Sergeant Donovan thanked Dumais for his cooperation and left. A subsequent comparison of these serial numbers with those given by Mr. Leighton demonstrated that they were the same.

Three days later, on June 13, Concord police officers assigned to the midnight to 8 a.m. shift were alerted to look for a "blue Chevy Camaro" operated by Dumais which was possibly in the Concord area. This car was said to have been reported stolen from the

Somersworth-Barrington area. At 1:00 a.m. that same day a Concord patrolman observed the car parked in front of a trailer home on Manchester Street and verified that it was the same car that had been reported stolen.

Officer Eric Phelps and the street supervisor from the Concord Police Department were summoned to the trailer. After a search of the area surrounding the trailer, the supervisor knocked at the front door. Debby Glines, owner of the trailer, opened the door, and, after announcing their identity, the police asked if Dumais were present. She answered, "Yes, wait a second," and closed the door. Upon hearing her speak to someone in the rear of the trailer, the officers entered it and found Dumais, whom they placed under arrest. They also searched and handcuffed him. While searching the defendant, the officers discovered the keys to the blue Camaro parked next to the trailer. They opened the trunk of the car and discovered a box containing a .22 caliber pistol. The serial number of this pistol matched one of the serial numbers given by Mr. Leighton. Both the box and the pistol were seized and later introduced as evidence at trial.

The defendant argues that, because the police did not have an arrest warrant with them at the time and did not have a warrant to search Ms. Glines's trailer, their entry for the purpose of arresting him was unlawful, and all evidence obtained subsequently should be suppressed.

■  As to the defendant's argument that the arrest by Concord police was illegal, we note that although the officers did not have an arrest warrant *in their possession* at the time of the arrest, they were aware that there was a warrant outstanding for the arrest of the defendant for theft of firearms. An arrest by a police officer acting under a warrant is lawful, even though the officer does not have the warrant in hand at the time of the arrest. RSA 594:9.

Since the State concedes that the evidence obtained by the Concord police was improperly seized and improperly admitted into evidence, the only issue we need address is whether the introduction of the .22 caliber pistol as evidence at trial constituted harmless error.

At the outset, we note that the defendant has raised no State constitutional issues. He argues only that his federal fourth amendment rights have been violated. Therefore, we need only address the federal constitutional issues. *State v. Miskolczi*, 123 N.H. 626, 628, 465 A.2d 919, 920 (1983).

■  Under federal case law, when evidence obtained as a result of an unlawful search or seizure is improperly admitted in a crimi-

nal case, the test for determining reversible error is whether it can be said beyond a reasonable doubt that the inadmissible evidence did not affect the verdict. *Chambers v. Maroney*, 399 U.S. 42, 53 (1969).

In the case at hand, the record includes more than sufficient evidence to support a conviction. Mr. Leighton testified at trial that his home had been burglarized and three of his pistols had been stolen. He stated that the only people who knew where the pistols were located were his grandson, his sister-in-law, and the defendant, who had visited the Leighton home on several occasions. Mr. Leighton also provided serial numbers of two of the three pistols stolen.

The indictment charged the defendant with two counts of possession of stolen firearms in Somersworth, rather than in Concord. Sergeant Donovan and two other Somersworth police officers testified that on June 10, the defendant gave them permission to search the blue Camaro he was driving. He told them that the pistols found in the trunk of the car were his. The serial numbers obtained from these pistols by the Somersworth police matched the numbers of those pistols reported stolen by Mr. Leighton.

■ Nor was the evidence erroneously admitted so prejudicial as to warrant a finding that its admission constituted reversible error. *Chapman v. California*, 386 U.S. 18, 24 (1967). Although the pistol was erroneously introduced as evidence at trial, no testimony concerning how it was seized by the Concord police was presented. Also, this is not a case in which the pistol was the instrumentality of death or bodily injury, and thus its admission into evidence was not likely to produce an inflammatory effect. Given these facts and the overwhelming nature of other evidence of the defendant's guilt, we conclude beyond a reasonable doubt that the admission of the .22 caliber pistol into evidence was harmless error. *Harrington v. California*, 395 U.S. 250, 254 (1969).

*Affirmed.*

All concurred.