JEFFREY L. PERRY

v.

WARDEN OF MECKLENBURG CORRECTIONAL
CENTER

No. 0117-85

Argued April 9, 1985

Decided August 6, 1985

COUNSEL

Richard A. Turner, for appellant.

Leah A. Darron, Assistant Attorney General (Gerald L. Baliles, Attorney General of Virginia, on brief), for appellee.

OPINION

**DUFF, J.**—Jeffrey L. Perry appeals from a decision of the Circuit Court for the City of Richmond denying his petition for a writ of habeas corpus. The sole issue is whether Perry was denied effective assistance of counsel.

Perry was convicted on February 2, 1981, of attempted sodomy, abduction, and robbery of James Beane and sodomy of Toliver Carpenter, Jr. Initially, Perry noted his appeal from these convictions, but subsequently withdrew it in a signed statement dated June 9, 1981. On July 24, 1981, Perry filed a petition for a writ of habeas corpus alleging ineffective assistance of counsel for failure to inquire into his mental state at the time of trial. This petition

was dismissed and Perry did not appeal.

On January 9, 1984, Perry petitioned the Virginia Supreme Court for a writ of habeas corpus, alleging new claims of ineffective assistance of counsel. A writ was awarded returnable to the Circuit Court for the City of Richmond, and a plenary hearing was held October 10, 1984. By order dated October 30, 1984, the circuit court issued its findings of fact and conclusions of law, and denied the petition. This appeal followed.

Perry advances several grounds in support of the affirmative of this issue, namely that: (1) counsel advised him not to testify at trial; (2) counsel failed to move to suppress the statement Perry gave to the police at the time of his arrest; (3) counsel failed to move to sever the charges and elected instead to have the offense against Carpenter tried with the offenses against Beane; and (4) counsel erroneously advised Perry to withdraw his appeal, thereby depriving him of his right to appeal. The appellee responds that Code § 8.01-654(B) presents a procedural bar to Perry's petition, and its dismissal by the lower court should be affirmed. Because we have concluded that the trial court's judgment should be affirmed, the applicability of this procedural bar need not be decided.

■ The right to counsel, guaranteed by the Sixth and Fourteenth Amendments, includes the right to effective assistance of counsel. *McMann* v. *Richardson,* 397 U.S. 759, 771, n.24 (1970). It is well settled that to be effective, an attorney must exercise "the care and skill which a reasonably competent attorney would exercise for similar services under the circumstances." *Stokes* v. *Warden,* 226 Va. 111, 116-17, 306 S.E.2d 882, 884 (1983). The reviewing court must make every effort to "eliminate the distorting effects of hindsight" and to "evaluate the conduct from counsel's perspective at the time." *Strickland* v. *Washington,* ___ U. S. ___, 104 S. Ct. 2052, 2065 (1984); *Department of Corrections* v. *Clark,* 227 Va. 525, 534, 318 S.E.2d 399, 403 (1984).

■ In evaluating counsel's performance, the court must presume that counsel's conduct is the product of reasonable trial strategy, and the burden is on the petitioner to overcome this presumption. *Strickland* v. *Washington, supra,* at ___, 104 S. Ct. at 2065-66 (1984); *Department of Corrections* v. *Clark, supra,* at 534, 318 S.E.2d at 403.

 To find that counsel's assistance was not effective, the petitioner must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland* v. *Washington, supra,* at ___, 104 S. Ct. at 2069. It must be shown that not only was counsel's performance deficient, but also that such deficiency prejudiced the defense. Deficiency, even if professionally unreasonable, does not warrant setting aside a judgment if the deficiency had no effect on the outcome. *Strickland* v. *Washington, supra,* at ___, 104 S. Ct. at 2067; *Department of Corrections* v. *Clark, supra,* at 535, 318 S.E.2d at 404; *Stokes* v. *Warden, supra,* at 118, 306 S.E.2d at 885. We will treat the claims of ineffective assistance of counsel in the order previously stated.

Trial counsel testified at the habeas hearing that as a matter of trial strategy, he advised his client not to testify at the trial. Based on his observation of Perry, counsel felt that he would not make a good or credible witness because he lacked demeanor, would be unable to stand up under cross-examination, and would bolster the Commonwealth's case. Whether we can say with the benefit of hindsight that this was right or wrong, it was a decision based upon proper considerations. We cannot say that the decision fell below the standard of representation required of counsel.

At the time of his arrest, Perry gave the police an incriminating statement, which was later admitted in evidence at trial. At the habeas hearing, counsel testified that Perry asserted that he had been forced to sign the statement. Counsel testified that he immediately conducted an investigation of this contention, including several interviews with the police officer involved, and was satisfied that the statement had been voluntarily given and was in compliance with *Miranda.* He felt that a motion to suppress the statement would have been frivolous and a waste of time. We see no merit in Perry's contention, unless we are prepared to say that a suppression motion must be filed in every case regardless of counsel's experienced good judgment, responsibly exercised after an investigation and evaluation of the merits of the motion. This we decline to do.

Perry was charged with attempted sodomy, abduction, and robbery of James Beane, committed on September 15, 1980, and sodomy of Toliver Carpenter, Jr., committed on September 9, 1980. Even though the offense against Beane was totally unrelated to

the offense against Carpenter, counsel decided to try all the charges together. Counsel testified at the habeas hearing that he based this decision on his belief that his client would receive a lesser sentence if the charges were tried at one time rather than one after another. In fact, Perry received a suspended imposition of sentence on the charge of sodomy involving Mr. Carpenter.

Perry argues that counsel prejudiced his trial by not moving to sever the charges. It is his contention that the charge of sodomy of Carpenter, although consensual sodomy, was taken by the trier of fact as further evidence that he had committed the crimes against Beane. There is no evidence in the record to support this contention.

Of final concern is Perry's contention that at the conclusion of trial and sentencing, he indicated his desire to appeal. Counsel filed a timely notice of appeal with the circuit court. However, after a lengthy discussion regarding the merits of an appeal, Perry took the advice of counsel and withdrew his appeal. Counsel testified that he advised Perry that he had received the minimum sentence on each charge, and that he risked a greater period of incarceration if his appeal were granted and he were retried. Counsel also stated that he could find no error in the record upon which to base an appeal, and that he believed there was virtually no possibility that his petition for a writ would be granted.

Perry, on the other hand, argues that he was denied his right to appeal when he followed his counsel's advice. He states that he was young and inexperienced, and did not know better than to follow his advice. On this evidence, the trial court found no ineffective representation. We concur.

It is our opinion that counsel exercised the care and skill that a reasonably competent attorney would exercise for similar services under the circumstances. Counsel conducted a reasonable amount of pretrial investigation, and his decisions at trial reflect informed deliberation. Accordingly, the judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Benton, J., concurred.