Rockingham
No. 85-212

THE STATE OF NEW HAMPSHIRE

v.

DOUGLAS V. GROTE

March 3, 1986

*Stephen E. Merrill*, attorney general (*Steven L. Winer*, assistant attorney general, on the brief and orally), for the State.

*Jeffco, May & Smart*, of Portsmouth (*Stephen T. Jeffco* on the brief and orally), for the defendant.

JOHNSON, J. The defendant in this action was convicted of possession of a controlled substance, marijuana, with intent to sell in violation of RSA 318-B:2. The issues presented for review are whether (1) the Trial Court (*O'Neil*, J.) properly ruled that there was sufficient evidence of guilt to require that the defendant's motions for a directed verdict at the close of State's case, to set aside the verdict, and for a new trial be denied; (2) the State's closing argument was improper and prejudicial; and (3) the defendant was prejudiced by the introduction of a portion of the contraband seized after representations made by the State prior to trial that it would not be introduced into evidence. Finding no error, we affirm.

The record establishes the following facts. The defendant was operating a motor vehicle in an easterly direction on Route 4 in Northwood on April 11, 1984, at about 7:30 p.m., when he was stopped by a town police officer for erratic operation of the vehicle. He was alone in the vehicle. The officer approached the car and smelled the odor of marijuana emanating from the interior of the vehicle. A search of the passenger compartment revealed a paper bag that was found to contain a calculator, in the "on" position, a clear plastic baggie containing about two ounces of marijuana, and a glass jar containing about one ounce of marijuana. Several marijuana cigarettes also were found in the ashtray.

The search also revealed the defendant's wallet, containing $3,040 in twenty, fifty, and one hundred dollar denominations, and a small notebook with calculations in it. On the back seat was found an attaché case, within which was a brown paper bag containing $8,000, a passport with $150 enclosed within it, and various personal items. A search of the trunk revealed two suitcases that were empty except for a few particles and dust of vegetative matter containing only 70 milligrams of marijuana. The search of the defendant, who was unsteady on his feet as he got out of the vehicle, revealed additional cash in large denominations, totalling $3,550, in his pants pockets and an address book in his shirt pocket.

The defendant's first argument is that the evidence was insufficient to meet the State's burden of proof. In evaluating the sufficiency of the evidence to uphold a conviction, this court will consider all of the evidence produced at trial, with all reasonable inferences therefrom, in the light most favorable to the State. *State v. LaRose*, 127 N.H. 146, 152, 497 A.2d 1224, 1230 (1985). The evidence thus viewed will be deemed insufficient to support the verdict only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *State v. Meloon*, 124 N.H. 257, 259, 469 A.2d 1316, 1318 (1983) (citations omitted). In order to sustain a conviction for possession of a controlled substance with intent to sell, RSA 318-B:2, the State must prove that the defendant (1) knew the nature of the drug; (2) knew that the drug was in his or her vicinity; and (3) intended to sell or give the drug to another person. *State v. Renfrew*, 122 N.H. 308, 312–13, 444 A.2d 527, 529–30 (1982). The third element is the only element at issue in this case.

We hold that the presence of marijuana, the calculator, the notebook with calculations, the empty suitcases with a trace of marijuana, the address book, and the large amount of cash, taken together, form an adequate basis for the jury to draw the inference that the defendant intended to sell the marijuana found in his possession. The comparatively small amount of the controlled drug seized does not make it impossible for a rational trier of fact to find guilt beyond a reasonable doubt because, given all of the evidence, the amount seized could have easily been the remainder of a large quantity already sold.

The defendant next contends that the prosecutor's closing argument constituted prosecutorial misconduct which prejudiced the defendant's right to a fair trial. *See State v. Preston*, 121 N.H. 147, 150–51, 427 A.2d 32, 34 (1981). The defendant claims that the prosecutor indicated to the jury his own knowledge, opinion, and belief as to the defendant's guilt in violation of the standards set forth in

*Preston supra* and of the Code of Professional Responsibility, DR 7-106(C)(4) (now Rules of Professional Conduct, R. 3.4(e)).

■■ Our review of the prosecutor's final argument does not reveal that he stepped over the boundary of permissible advocacy. The prosecutor is granted great latitude in closing argument, both to summarize and discuss the evidence presented to the jury and to urge the jury to draw inferences of guilt from the evidence. *State v. Sands*, 123 N.H. 570, 597–98, 467 A.2d 202, 219 (1983). The prosecutor in this case did state:

> "One of the other things that I'd like to point out here is everybody can agree that the mere possession of marijuana, I hope we can all agree, but the mere possession of marijuana by a person, a small amount for a person's own consumption I imagine usually not very much, but that— [objection by defendant, overruled].
>
> That such possession by a person who is going to consume the marijuana is not the most serious crime that we have in our state."

We find that the use of the words, "I imagine," taken in the context of the above statement, did not prejudice the defendant or constitute an impermissible expression of the prosecutor's personal opinion regarding the defendant's guilt.

The defendant finally contends that he was prejudiced by representations made by the State that the vegetative matter found in the plastic baggie had not been tested and hence would not be offered into evidence. Based on these alleged representations, the defendant's opening statement conceded that there was marijuana in the car, but that the quantity in the glass jar was so small that there was no "intent to sell" the drug and that the defendant possessed the marijuana solely for personal use.

The prosecutor had permitted defense counsel access to his file. This file clearly disclosed that the police had seized both the glass container and the plastic baggie and that both contained relatively small amounts of marijuana. Though the prosecutor's file indicated that only the marijuana in the glass jar had been tested by the State police laboratory prior to the trial, no motion was filed by the defendant prior to trial to exclude the introduction of the plastic baggie and its contents.

■ The State at trial attempted to introduce the plastic baggie and its contents, and provided expert testimony as to the nature of the contents. The defendant objected on the grounds of the alleged

representations by the State that the plastic baggie and its contents would not be introduced. The State categorically denied that any representations had been made regarding this evidence. The court allowed the evidence to be introduced, and we hold that it was within the sound discretion of the trial court to permit its introduction. *State v. Hood*, 127 N.H. 478, 503 A.2d 781 (1985). Whether the defendant possessed one ounce (in the glass jar), or three ounces (in both the glass jar and plastic baggie), would not have influenced the verdict of the jury in light of the other compelling evidence of the defendant's intention to sell the drugs in his possession. *See State v. Dumais*, 126 N.H. 532, 535, 493 A.2d 501, 503 (1985).

The court provided the defendant's counsel with an opportunity to make a second opening statement after the court had allowed the marijuana in the plastic baggie to be introduced, because defense counsel and the prosecutor were in direct conflict as to whether the State had made representations with respect to the introduction of this marijuana. Defense counsel took this opportunity to again argue that the totality of the drugs seized indicated that the defendant only intended to use the drugs personally. We find that the trial court afforded the defendant an adequate opportunity to put forth his theory of defense and hold that the defendant was not prejudiced. The jury simply refused to accept the defendant's position, finding an intent to sell beyond a reasonable doubt.

On this record, we find no error.

*Affirmed.*

All concurred.