Carroll
No. 84-439

THE STATE OF NEW HAMPSHIRE

v.

ROY E. JUDKINS

July 9, 1986

*Stephen E. Merrill*, attorney general (*Tina Schneider*, assistant attorney general, on the brief and orally), for the State.

*Schroeder & McLetchie*, of Ossipee (*Erland C. L. McLetchie* on the brief and orally), for the defendant.

BATCHELDER, J. This criminal appeal presents the question whether the Superior Court (*Goode*, J.) properly admitted evidence at trial pertaining to a condition imposed on the defendant at his bail hearing. We hold that the evidence was properly admitted, and therefore affirm.

The defendant was indicted for aggravated felonious sexual assault, RSA 632-A:2, XI (Supp. 1983). At his bail hearing, the Superior Court (*Wyman*, J.) imposed a condition on the defendant that he no longer live in the same residence with the alleged victim, his thirteen-year-old stepdaughter. At trial the State introduced

evidence (including the victim's testimony) that the defendant had fondled the victim and inserted his finger into her vagina, that he had exposed his genitals to her, and that the victim initially revealed the incidents to her "life education" teacher at school. In response to defense counsel's questioning, Malcolm Young, a case worker for the New Hampshire Division of Children and Youth Services (formerly the division of welfare), testified that no child abuse petition was brought to remove the victim from the defendant's household. Defense counsel's questioning was an apparent effort to establish that the State had taken no legal steps to separate the defendant from the victim. Several witnesses testified that the victim had moved out of the defendant's residence and was residing in Maine. During cross-examination late in the trial, the State was permitted, over the defendant's objection, to question the defendant concerning the bail condition in an effort to rebut the earlier testimony of Young that the State took no official action to separate the defendant from the victim. The defendant was convicted, and thereafter appealed to this court.

The defendant argues that he was unfairly prejudiced when the jury heard testimony regarding the bail condition. According to the defendant, evidence of a judicial determination that the defendant was a potential danger to the child could only result in an unfair inference of guilt, an inference that could not be overcome by a limiting or corrective instruction. The State counters that (1) the prejudice issue was not preserved for appeal, because the only objection raised at trial was on the ground of relevance, (2) the evidence was necessary to rebut the erroneous impression that the State allowed the defendant to continue living in the same home as the victim, and (3) any error was harmless in light of the overwhelming evidence of guilt.

In *State v. Williams*, 115 N.H. 437, 443, 343 A.2d 29, 33 (1975), we held that a defendant's testimony at his bail hearing should be excluded from evidence at his later trial. We now consider whether testimony regarding a condition imposed at the defendant's bail hearing is admissible at the defendant's subsequent trial, and the extent to which the State may be permitted to use such testimony to counter a misleading advantage resulting from defense counsel's questioning.

We first address the State's contention that the defendant failed to preserve the issue for appeal because he objected on the ground of relevance rather than prejudice. *See State v. Fernald*, 123 N.H. 442, 462 A.2d 122 (1983). This contention is not supported by the record. Although defense counsel did not clearly articulate the

reason for his objection, he did suggest that the evidence was inadmissible as rebuttal evidence, and that it would lead the jury to infer guilt. Counsel stated: "The jury is going to say, why did this happen? I think it error to let [the statements] in, and I most strenuously object." Counsel's objection gave the trial court an adequate opportunity to reconsider its ruling and assess the effect of the evidence on the jury. To raise an objection on the ground of prejudice does not necessarily require counsel to utter the word "prejudice."

We next address the defendant's claim that the admission of evidence pertaining to the bail condition was unduly prejudicial. He contends that the fact that a judge had previously concluded that the defendant was a danger, or at least a potential danger, to the victim led the jury to draw an improper inference of guilt, thereby undermining the presumption of innocence afforded to the defendant. *See State v. Cere*, 125 N.H. 421, 424, 480 A.2d 195, 198 (1984); *United States v. Interstate Engineering Corporation*, 288 F. Supp. 402, 409 (D.N.H. 1967).

The State contends that the evidence was properly admitted as rebuttal testimony. According to the State, the prior testimony of Young left the jury with the erroneous impression that no official action was taken to separate the defendant from the victim. The State argues that it legitimately sought to counter this misleading advantage by eliciting otherwise inadmissible evidence, and that the defendant opened the door for testimony concerning the bail condition. *See State v. Crosman*, 125 N.H. 527, 530–31, 484 A.2d 1095, 1097–98 (1984).

The State's arguments are more persuasive. At trial, Young's testimony that the division of welfare did not bring an abuse petition against the defendant left the jury with the impression that the State had determined it was unnecessary to take formal action to separate the defendant from the victim. Testimony before the jury from several witnesses that the defendant and the victim were no longer residing in the same home did not adequately rebut the impression; such testimony failed to indicate that the separation was in part the result of official action and was not merely a family decision. Hence, the State's effort to rebut the erroneous impression was permissible, and the evidence did not unduly prejudice the defendant. Moreover, this court will defer to the trial court's ruling on the admission of evidence, absent an abuse of discretion. *See State v. Nadeau*, 126 N.H. 120, 126, 489 A.2d 623, 627 (1985) (trial court has broad discretion in balancing the prejudicial effect of evidence against its probative value).

Finally, we agree with the State that even if the admission of the evidence were to be deemed erroneous, the record indicates the error was harmless beyond a reasonable doubt. *See State v. Munson*, 126 N.H. 191, 193, 489 A.2d 646, 647 (1985); *State v. Dumais*, 126 N.H. 532, 535, 493 A.2d 501, 503 (1985). The inculpatory evidence at trial consisted of the victim's detailed testimony of the assault, as well as the testimony of the case worker who investigated the complaint and of the victim's school principal. We conclude that the evidence of guilt was overwhelming, and we therefore affirm.

*Affirmed.*

All concurred.