KEVIN MARK BOWLES

V.

T. N. NANCE, JUDGE, ETC., ET AL.

Record No. 870703

November 18, 1988

Present: Carrico, C.J., Poff, Compton, Stephenson, Russell, and Thomas, JJ., and
Gordon, Retired Justice

*Robert P. Geary* for appellant.
*Linwood T. Wells, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General*, on brief), for appellees.

POFF, J., delivered the opinion of the Court.

In this appeal from a judgment denying a petition for a writ of habeas corpus, we consider whether the defendant was denied effective assistance of counsel when his trial attorney advised him to plead guilty.

On November 23, 1983, Kevin Mark Bowles pled guilty to a charge of grand larceny, and the trial judge convicted him of the felony. In a sentencing hearing conducted January 10, 1984, the court "suspend[ed] the imposition of sentence in this case during . . . good behavior." Alleging that he had a bona fide "claim-of-right" defense to the charge and that his attorney had been guilty of unprofessional error in advising him to enter a guilty plea, Bowles filed a petition for a writ of habeas corpus.

At a plenary hearing, Bowles testified that he was a self-employed house painter and a part-time college student. He owned a small garage building in which he allowed individuals to store their personal effects for a monthly fee. Laura Hurst agreed to

pay him $75 to pick up and deliver her belongings to his garage and to pay him $15 a month for storage.

According to Bowles, Hurst paid him the first month's fee "up front" but nothing for the transportation service. Receiving no further payments from her for two months, Bowles took two antique dolls belonging to Hurst and sold them to an antique shop for $200. Some time later, he also removed a number of the violins Hurst had stored in his garage.

Hurst obtained a civil judgment awarding her damages against Bowles in the sum of $1900 and pressed criminal charges against him. Bowles hired an attorney, discharged him, and employed new counsel to defend him against the grand larceny indictment. Bowles claimed that, in addition to the unpaid storage and transportation charges, Hurst had become indebted to him because she had left the garage door open and someone had stolen $600 worth of his tools. He insisted that he had told his new attorney that Hurst had given him express permission to sell her property to pay her arrearages and that he acted under the belief that he had a legal right to do so. Bowles testified that his attorney advised him to plead guilty because "it may be dangerous to put this thing in front of a jury, that I might get time for it." Bowles said that he had accepted his lawyer's advice because "I felt if I pled guilty, one way or another, I would be able to get a pardon or the whole thing would be erased off my record at some time".

Other evidence adduced at the plenary hearing and summarized later in this opinion contradicted Bowles' testimony. Commenting upon that evidence, the habeas court found an "absence of a bona fide claim of right" and a lack of "proof of ineffective counsel". The court dismissed the petition, and we awarded the defendant an appeal.

In *Strickland* v. *Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness", *id.* at 688, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different", *id.* at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

■ The *Strickland* test, applied by this Court in *Va. Dept. of Corrections* v. *Clark*, 227 Va. 525, 318 S.E.2d 399 (1984),* "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill* v. *Lockhart*, 474 U.S. 52, 58 (1985). And, "where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely upon whether the affirmative defense likely would have succeeded at trial." *Id.* at 59.

■ Respecting the first prong of the *Strickland* test, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690. A reviewing court should make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Said differently, a court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.

Accordingly, we will summarize the facts of record known to trial counsel at the time of the plea conference with his client. With nothing but a possessory interest in his customer's property, Bowles seized and sold two antique dolls for $200. Bowles never claimed that Hurst owed him more than $105 at that point, but he never felt obliged to refund the $95 balance. He also had taken a number of violins of unique value to the owner. When charged with their theft, Bowles delivered several instruments to the detective who showed them to Hurst; Hurst, however, protested that they were not her violins.

Although Bowles claimed during the habeas hearing that Hurst had told him that she was willing for him to "sell these goods to get [his] rent", Bowles had not mentioned that to the arresting officer. Instead, according to Bowles' own testimony, he "denied taking the goods" because he "was very scared". Hurst testified at the preliminary hearing on the grand larceny charge that she did not owe Bowles any money and had given him no permission to sell her property. The assistant Commonwealth's Attorney, who

---

* *See also Payne* v. *Commonwealth*, 5 Va. App. 498, 364 S.E.2d 765 (1988); *Fitzgerald* v. *Bass*, 4 Va. App. 371, 358 S.E.2d 576 (1987); *Smith* v. *Thompson*, 1 Va. App. 407, 339 S.E.2d 556 (1986); *Perry* v. *Warden*, 1 Va. App. 21, 332 S.E.2d 791 (1985).

had talked often with Hurst, testified that Hurst had told her the same story, and the parties stipulated below that the detective would testify to the same effect.

At the plenary hearing, trial counsel was asked if it was true, as Bowles had testified, that his client had told him he "felt that he had the right to take the property . . . and to sell that property". Counsel replied, "He never put it in those terms. There was a hint or suggestion on his part that there was some rent owed him." Asked again if Bowles had indicated that he "felt justified in taking her property", counsel said, "No. I don't recall any of that at all."

On brief, Bowles cites *Butts v. Commonwealth*, 145 Va. 800, 811-12, 133 S.E. 764, 767-68 (1926), where this Court said that "there can be no larceny of the property taken if it, in fact, is the property of the taker or if he, in good faith, believes it is his, for there is lacking the criminal intent which is an essential element of larceny." Trial counsel acknowledged at the habeas hearing that he was familiar with that rule. Explaining why he had not advised his client to plead not guilty and invoke the "claim-of-right" rule as an affirmative defense, counsel said, "I felt we had no case because it was a credibility issue, and I resolved the credibility against Mr. Bowles." "If he took the witness stand and gave testimony which I suspected was less than truthful," counsel added, "it would adversely affect him on the sentencing."

■ We are of opinion that the defendant has failed to establish either prong of the *Strickland* test. Concerning the "reasonableness" prong, the record shows that trial counsel had interviewed all the potential witnesses and had consulted frequently with the assistant Commonwealth's Attorney. We think counsel reasonably could have concluded that his client honestly did not believe that he had the right to sell property entrusted to his possession; that a claim-of-right defense would fail because the factfinder would recognize it as a self-serving invention; and that the candor of a guilty plea would prompt a lighter sentence. The trial judge imposed no sentence at all but merely suspended imposition of sentence during good behavior, a fact that tends to confirm the reasonableness of counsel's advice.

■ Turning to the "prejudice" prong of the *Strickland* test and reviewing the evidence of record, we find no reasonable probability that the result of the proceeding would have been different if

Bowles, relying upon a claim-of-right defense, had pled not guilty. Finding no error below, we will affirm the judgment of the habeas court.

*Affirmed.*