Hillsborough
No. 88-027

## Douglas Grote

v.

## Ronald L. Powell, Commissioner, Department of Corrections

August 9, 1989

*Twomey & Sisti Law Office*, of Chichester (*Paul J. Twomey* on the brief), by brief for the petitioner.

*Stephen E. Merrill*, attorney general (*John S. Davis*, assistant attorney general, on the brief), by brief for the Commissioner of Corrections.

THAYER, J. The petitioner, Douglas Grote, appeals an order by the Superior Court (*Dalianis*, J.) dismissing his petition for a writ of habeas corpus without a hearing. The petitioner asserts that he was denied effective assistance of counsel during his 1985 trial for possession of a controlled drug with intent to sell, RSA 318-B:2, because the trial court admitted certain evidence which the prosecution had not indicated, during discovery, an intent to adduce and therefore caused defense counsel's preparation and tactics to be ineffective. For the reasons that follow, we affirm the superior court's dismissal of the petition.

The underlying facts of this case are stated more extensively in the petitioner's original appeal to this court, *see State v. Grote*, 127 N.H. 748, 749–50, 506 A.2d 346, 347–48 (1986), but are briefly

stated as follows. On April 11, 1984, the petitioner was arrested and charged with possession of a controlled drug with intent to sell, in violation of RSA 318-B:2. A search of the petitioner's car had revealed the presence of a plastic baggie containing about two ounces of marijuana and a glass jar containing approximately one ounce of marijuana, along with a calculator, cash, a notebook with calculations, an address book, and empty suitcases containing traces of marijuana.

Prior to the petitioner's trial, his defense counsel filed a motion for discovery, seeking information that was "necessary to assure a meaningful and effective defense on this matter and to avoid such surprise or prejudice as may result in a denial of effective right … to counsel … and/or a denial of due process." The prosecutor gave the petitioner access to his file, which indicated that the police had seized both the glass jar and the baggie and that both contained small amounts of marijuana. The file further indicated that only the marijuana in the glass jar had been tested by the police laboratory prior to trial.

In his opening statement, at the petitioner's trial, the petitioner's defense counsel conceded that there was marijuana in the petitioner's car but that the quantity in the glass jar, one ounce, was too small to indicate an intent to sell. The State opened its case by eliciting evidence concerning the discovery of the baggie and the nature and quantity of its contents. Defense counsel objected, on the ground that the State had represented that the plastic baggie and its contents would not be introduced. The court overruled the objection and granted a recess to permit the State to analyze the contents of the baggie. Because defense counsel and the prosecutor disagreed as to whether the State had made representations with respect to the introduction of the evidence in the baggie, the trial judge permitted the defense, at the close of the State's case, to make a second opening statement based upon the new evidence.

The jury convicted the petitioner of possession of a controlled drug with the intent to sell. *See* RSA 318-B:2. The court sentenced him to the New Hampshire State Prison for a term of 3 1/2 to 7 years, with two years of the minimum suspended. We affirmed the petitioner's conviction on March 3, 1986. *State v. Grote*, 127 N.H. 748, 506 A.2d 346 (1986). In affirming the lower court, we held, *inter alia*, that it was within the sound discretion of the trial court to permit the introduction of the baggie and its contents, and that the petitioner was not prejudiced by its introduction. *Id.* at 752, 506 A.2d at 349.

The petitioner served eighteen months of his sentence and was released on parole in October, 1987, to the custody and supervision of the department of corrections. On December 1, 1987, the petitioner filed a petition for a writ of habeas corpus in the superior court. In the petition he alleged that because his defense counsel relied on the State's discovery in evaluating the strength of the case, in planning the defense, and in preparing his opening statement, and because the trial court allowed the introduction into evidence of the baggie and its contents, he was prejudiced and was denied the effective assistance of counsel. *See* N.H. CONST. pt. I, art. 15; U.S. CONST. amend. VI.

On December 15, 1987, the superior court dismissed the petition without holding a hearing, and the petitioner now appeals to this court. The sole issue before us is whether the superior court should have held a hearing on the petitioner's petition for a writ of habeas corpus.

Although we have never addressed this precise issue, we have held that "repeated applications for a writ of *habeas corpus* introducing no new facts material to the issue will ordinarily be summarily disposed of." *Gobin v. Hancock*, 96 N.H. 450, 451, 78 A.2d 531, 532 (1951) (quoting *Petition of Moebus*, 74 N.H. 213, 215, 66 A. 641, 642 (1907)). Other jurisdictions provide that a court need not hold an evidentiary hearing on a petition for a writ of habeas corpus where the issues presented can be resolved on the basis of the record. *People v. Karis*, 758 P.2d 1189, 1216, 250 Cal. Rptr. 659, 685 (1988) (no hearing required on a petition for writ of habeas claiming ineffective assistance of counsel where no disputed factual questions as to matters outside the trial record), *cert. denied*, 109 S. Ct. 1658 (1989); *Smith v. Thompson*, 1 Va. App. 407, 412, 339 S.E.2d 556, 558 (1986) (no hearing required where the record was sufficiently clear to demonstrate that the petitioner was not deprived of the effective assistance of counsel on the grounds alleged). We agree with these jurisdictions and hold that when a petition for habeas corpus asserts that the petitioner was denied effective assistance of counsel, the court need not hold a hearing if the existing record of the case clearly indicates that the petitioner is not entitled to the relief requested on the grounds alleged. In deciding this case, therefore, we must initially determine whether the record is sufficient to allow the superior court to dispose of the petitioner's ineffective assistance of counsel claim without holding a hearing.

The petitioner asserted in his petition that, under the State and Federal Constitutions, he was denied effective assistance of counsel at his trial because his defense counsel relied upon the State's discovery in formulating a defense strategy, and because the trial court admitted the contents of the plastic baggie into evidence. Although unclear, the petition seems to allege that his counsel's assistance was ineffective because the State interfered with his counsel's ability to make independent decisions about how to conduct the defense. In the petitioner's brief before this court, he elaborates his position by asserting that the prosecution's discovery tactics and the trial court's unanticipated evidentiary ruling misled his defense counsel into adopting a strategy which, under the circumstances, amounted to an admission to the crime charged. He further argues that defense counsel was unable to recover from the course of action to which he was already committed, after being misled as to the nature and elements of the State's case.

We first examine the underlying claim of ineffective assistance of counsel by analyzing the protection afforded under the New Hampshire Constitution, State v. Ball, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983), using decisions of the United States Supreme Court and other jurisdictions only to guide our analysis, see Michigan v. Long, 463 U.S. 1032, 1041 (1983). Because this court, however, has adopted the test applicable under the Federal Constitution, our analysis of the petitioner's ineffective assistance of counsel claim will be the same under either constitution. See Avery v. Cunningham, Warden, 131 N.H. 138, 145, 551 A.2d 952, 956 (1988).

■■■ To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that trial counsel's competence fell below an "objective standard of reasonable competence," State v. Faragi, 127 N.H. 1, 4–5, 498 A.2d 723, 726 (1985), and that "but for counsel's unprofessional errors, the result of the proceeding would have been different," Faragi, 127 N.H. at 5, 498 A.2d at 726 (quoting Breest v. Perrin, 125 N.H. 703, 706, 484 A.2d 1192, 1194–95 (1984)). If the petitioner is unable to demonstrate prejudice, we need not determine whether counsel's performance fell below the objective standard of competence. Faragi, 127 N.H. at 5, 498 A.2d at 726.

■■■ We first address the petitioner's argument that the trial court's unanticipated admission into evidence of the plastic baggie's contents contributed to his trial counsel's ineffective assistance. The petitioner challenged this evidentiary ruling in his original appeal. See Grote, 127 N.H. at 751–52, 506 A.2d at 349. Because we upheld

the trial court's ruling, we will not now entertain a collateral challenge to that ruling under the guise of an ineffective assistance of counsel claim.

The petitioner also seems to allege that the State interfered with his trial counsel's ability to represent him effectively. This court has noted that, in certain situations, prejudice is presumed when the State interferes with counsel's assistance. *Avery*, 131 N.H. at 146, 551 A.2d at 957 (citing *Strickland v. Washington*, 466 U.S. 668, 692 (1984)). In *Avery*, however, we did not presume prejudice where the petitioner alleged ineffective assistance in trial counsel's failure to preserve for appeal the issue of petitioner's right to confrontation of a State witness who invoked the fifth amendment, because the witness' testimony was cumulative and was not crucial to proving guilt. *Id.* at 147, 551 A.2d at 957. We have previously noted that prejudice is presumed only "where circumstances leading to counsel's ineffectiveness are so egregious that the defendant was in effect denied any meaningful assistance at all." *Id.* at 147, 551 A.2d at 957–58 (quoting *Chadwick v. Green*, 740 F.2d 897, 901 (11th Cir. 1984)).

On the other hand, if counsel was in any way "prevented from assisting the accused during a critical stage of the proceeding," the petitioner need not demonstrate prejudice in order to obtain relief. *See United States v. Cronic*, 466 U.S. 648, 659 n.25 (1984). Such a presumption, however, is reserved for only the most egregious instances of governmental interference. *See Cronic*, 466 U.S. at 659 n.25 (citing *Geders v. United States*, 425 U.S. 80 (1976) (trial court's order preventing the defendant from consulting with his counsel during an overnight recess in trial, between defendant's direct examination and cross-examination, denied the defendant his right to counsel); *Herring v. New York*, 422 U.S. 853 (1975) (trial court's order denying an opportunity for final summation denied the defendant the assistance of counsel); *Brooks v. Tennessee*, 406 U.S. 605 (1972) (trial court order excluding the defendant from the stand because he did not testify first, deprived the defendant of the "guiding hand of counsel" and, therefore, infringed upon the defendant's constitutional rights)).

Here, even if the petitioner's claim is true, with regard to the prosecutor's discovery tactics, we hold that such alleged conduct does not create a presumption of prejudice. The record of this case does not support a conclusion that the prosecutor's actions were so egregious as to deny the respondent "any meaningful assistance at all." *See Avery supra.* It would be ludicrous for us to presume that

prejudice existed, on a charge of possession of a controlled drug with intent to sell, merely because the petitioner only intended to admit to possession of one ounce of marijuana but not three ounces. Furthermore, this court, on the direct appeal, did not find error in the trial court's ruling. *Grote*, 127 N.H. at 752, 506 A.2d at 349. Lastly, the petitioner's trial counsel was provided with an opportunity to address the new evidence, and availed himself of that opportunity. *Id.* Because the record of this case establishes that the prosecution's discovery tactics did not deny the petitioner "any meaningful assistance of counsel at all," *see Avery supra*, we will not presume that he was prejudiced.

 Without the benefit of a presumption of prejudice, the petitioner must demonstrate that he was actually prejudiced by the State's discovery tactics in order to establish that he was denied effective assistance of counsel. Based upon the record of this case, we hold that the petitioner is unable to establish prejudice and is unable, therefore, to demonstrate that he was denied effective assistance of counsel. We held, in the petitioner's original appeal, that he was not prejudiced, as he claims, by the introduction of the baggie and its contents into evidence. *Grote*, 127 N.H. at 752, 506 A.2d at 349. In holding that no prejudice existed, we found that the trial court afforded the defendant an adequate opportunity to put forth his theory of defense. *Id.* Finally, we concluded that "whether the [petitioner] possessed one ounce (in the glass jar), or three ounces (in both the glass jar and plastic baggie), would not have influenced the verdict of the jury in light of the other compelling evidence of the [petitioner's] intention to sell the drugs in his possession," *id.*, and that "[t]he jury simply refused to accept the defendant's position, finding an intent to sell beyond a reasonable doubt," *id.* Because the record of this case illustrates that the petitioner was not prejudiced by the State's discovery tactics in the introduction of the evidence, he is unable to demonstrate that he was denied the effective assistance of counsel.

 We therefore hold that the superior court appropriately dismissed the petition without holding a hearing, because a review of the record before the trial court indicates that the petitioner would be unable to demonstrate the elements necessary to establish a denial of the right to effective assistance of counsel.

Accordingly, we affirm the superior court's dismissal of the petition for a writ of habeas corpus without a hearing.

*Affirmed.*

All concurred.