COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Frank


GALEN L. BURKHOLDER

                                    MEMORANDUM OPINION* BY
v.    Record No. 0417-00-3      JUDGE RUDOLPH BUMGARDNER, III
                                        FEBRUARY 6, 2001
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                        Thomas H. Wood, Judge

            (William E. Bobbitt, Jr., Public Defender, on
            brief), for appellant.  Appellant submitting
            on brief.

            (Mark L. Earley, Attorney General; Michael T.
            Judge, Assistant Attorney General, on brief),
            for appellee.  Appellee submitting on brief.


    A jury convicted Galen L. Burkholder of willfully failing

to file a 1998 state income tax return in violation of Code

§ 58.1-348 and of willfully filing a false 1999 withholding

exemption certificate in violation of Code § 58.1-471.  He

maintains his good faith belief that the tax laws did not apply

to him was a complete defense to the charges and argues the

trial court erred in refusing to instruct on his claim of right

defense.  Concluding the trial court did not err, we affirm.

    The defendant concedes he did not file a 1998 state income

tax return.  During 1998, the defendant earned $27,354 working

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

for North and South Lines, Inc.  The defendant also concedes he filed a certificate claiming he was not subject to withholding taxes.  In 1999, he worked for Target Corporation where he filed a Certificate of Foreign Status in which he claimed to be "an exempt foreign person" not subject to withholding taxes.  The defendant does not dispute that he received money for work in Virginia, was a Virginia resident, and was a United States citizen by birth.  The defendant executed Virginia voter registration applications in 1994 and 1999 that showed he was a United States citizen by birth and qualified to vote in Virginia.

The defendant became convinced he was not a citizen of the United States, but a citizen of "these United States," after he read the book Vultures in Eagles Clothing.  He maintains he had no income as defined in the Internal Revenue Code because he bartered his work for money.  He claims he was not an employee as defined in that Code because he was neither an elected official of the United States nor someone who worked for an elected official.  The defendant presented no evidence to support his contention that he had exempt foreign status.

The defendant tendered a separate instruction for each charge that stated a good faith claim of right was a defense to the charge.[1]  The trial court refused both instructions.  The

---

[1] Defense Instruction B stated:  "If you believe the defendant failed to file an income tax return because he

-

claim of right defense negates the criminal intent required to prove larceny, robbery, embezzlement, and trespass cases. Bowles v. Nance, 236 Va. 310, 374 S.E.2d 19 (1988) (defendant alleged attorney erred in recommending a guilty plea because he had bona fide claim of right defense to grand larceny); Pierce v. Commonwealth, 205 Va. 528, 138 S.E.2d 28 (1964) (trial court believed claim of right defense to robbery was a mere pretext); Whitlow v. Commonwealth, 184 Va. 910, 37 S.E.2d 18 (1946) (embezzlement conviction reversed where defendant had bona fide claim of right defense); Butts v. Commonwealth, 145 Va. 800, 133 S.E. 764 (1926) (intent needed for robbery lacking where taker has good faith belief that property is his); O'Banion v. Commonwealth, 33 Va. App. 47, 531 S.E.2d 599 (2000) (en banc) (trespassing); Reed v. Commonwealth, 6 Va. App. 65, 366 S.E.2d 274 (1988) (trespass).  See Warner v. Commonwealth, 30 Va. App. 141, 515 S.E.2d 803 (1999) (uttering conviction affirmed because defendant not entitled to be paid prospectively and claim of right defense cannot apply to innocent third party).

---

believed he had a good faith claim of right to not file such a return, then, even though his belief was mistaken, you shall find the defendant not guilty of failing to file an income tax return."

Defense Instruction C stated:  "If you believe the defendant filed a false or fraudulent withholding exemption certificate with hie [sic] employer because he believed he had a good faith claim of right to file such a withholding exemption certificate, then, even though his belief was mistaken, you shall find the defendant not guilty of filing a false or fraudulent withholding exemption certificate with his employer."

-

The cases applying the claim of right defense involved crimes of trespassory taking or entering upon the property of another. If the defendant has a claim to the property upon which he acts, he cannot have the intent necessary to make his act a crime. The defendant's good faith belief that he was entitled to the money his employer owed him at the time of discharge "negatived the idea of a felonious intent." Butts, 145 Va. at 815, 133 S.E. at 768 (robbery conviction reversed).

The defendant relies on Cheek v. United States, 498 U.S. 192 (1991). In Cheek, the defendant appealed the trial court's instruction to the jury to disregard his belief that he was not required to file a federal income tax return or to pay income taxes and that wages are not income. The case did not hold that the claim of right defense applied to the crime of not filing federal income tax returns. It held the district court erred by instructing the jury to disregard the defendant's claim on the issue of whether he "willfully" failed to file the return.

In this case, the jury considered the defendant's argument that he genuinely believed he was exempt from paying state taxes because he was a citizen of "these United States," not the United States. His claim that he believed he was acting in compliance with the tax laws went to the issue of whether he acted "willfully." His testimony was admitted, he argued it to the jury, and the trial court fully instructed on the definition of willfulness. Their consideration of the assertion was proper

-

as it bore on whether the defendant "willfully" violated the statutes.  However, it does not follow that the claim of right defense applied to the case.

We conclude the trial court did not err in refusing the defendant's instructions that the claim of right defense applied to tax matters.  The defendant is not charged with taking or entering upon the property of another.  He did not claim a right to the property; he claimed an exemption to the duty to comply with tax statutes.  "[L]ike defendants in criminal cases in other contexts who 'willfully' refuse to comply with the duties placed upon them by the law, he must take the risk of being wrong."  Cheek, 498 U.S. at 206.  Accordingly, we affirm.

Affirmed.

-