# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0456, <u>State of New Hampshire v. Russell Debreceni</u>, the court on February 24, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Russell Debreceni, appeals an order of the Superior Court (<u>Delker</u>, J.) denying his motion to modify the no-contact provision of his sentence, which was part of a negotiated plea. We affirm.

On appeal, the defendant argues that the trial court erred by ruling on his motion without first holding an evidentiary hearing. As the appealing party, the defendant has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the defendant's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the defendant failed to demonstrate that the trial court committed reversible error by deciding his motion to modify without an evidentiary hearing. <u>See</u> <u>id</u>.; <u>see</u> <u>also</u> <u>State v. Perfetto</u>, 160 N.H. 675, 680-81 (2010) (deciding that the trial court did not violate the defendant's state due process rights by not holding a hearing on his motion to amend a condition of his suspended sentences); <u>cf</u>. <u>Grote v. Powell</u>, 132 N.H. 96, 99 (1989) (concluding in a habeas corpus proceeding that "the court need not hold a hearing if the existing record of the case clearly indicates that the petitioner is not entitled to the relief requested on the grounds alleged").

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

Timothy A. Gudas,
Clerk