Burke, J.
Defendant was permitted to plead guilty to robbery in the first degree to cover all five counts in an indictment and all other charges in the county. Fifty-three days later, defendant was' sentenced. During these proceedings he was repre *347 sented by counsel of his own choosing, and in court was aided by an official Spanish interpreter, provided by the court. Fourteen months after conviction, defendant moved to vacate the judgment.
The County Court, Bronx County, denied Avithout a hearing defendant’s motion for the Avrit of error coram nobis. The Appellate Division has reversed the County Court and ordered a hearing.
The defendant contends that, if he can establish either that he was unable to consult with his counsel or that his plea was induced by the failure of the official interpreter to correctly translate the trial court’s inquiries and by the fraud of his counsel, the judgment of conviction must be vacated.
It is now well settled that ‘ ‘ Avhere the defendant alleges facts which, if established, justify relief by Avay of coram nobis, then, he ‘ is entitled to a trial thereof in open court unless his claims are ‘ ‘ conclusively refuted by unquestionable documentary proof ” ’ ” (People v. Picciotti, 4 N Y 2d 340, 344-345).
We find that no true question of fact exists which would Avarrant a hearing. The facts alleged have been shoAvn to be either demonstrably false or, even if true, not fit grounds for a Avrit of error coram nobis.
The fraud of counsel consists of a charge that defendant’s counsel falsely informed the court that he had advised defendant that a conviction for robbery might carry a minimum sentence of 10 years. This allegation, if conceded, would not justify relief through coram nobis. Although cases may arise where Ave may find that the constitutional rights of a defendant are violated because the representation of retained counsel is inadequate (see Powell v. Alabama, 287 U. S. 45), this is not such a case. The alleged misconduct of counsel chosen by defendant cannot be attributed to “ action on the part of the State ” (see People V. Tomaselli, 7 N Y 2d 350, 354; People v. Brown, 7 N Y 2d 359) and even if proven Avould not constitute a denial of due process.
The denial of the effective aid and assistance of counsel was the result, defendant avers, of counsel’s inability to speak or understand Spanish. As a consequence, he concludes, he did not have the privilege of conferring with counsel. While it is *348 certain that a defendant has a full right to be represented by counsel, and the courts may have a duty to assign counsel in specific cases, there is also a corresponding right to insist on a personal counsel (N Y. Const., art. I, § 6). This is a choice which the defendant himself must make, and with which the courts may not interfere (People v. Price, 262 N. Y. 410). In the circumstances presented, such a choice having been consciously made, the defendant may not complain that he was dissatisfied with the representation he received.
The third claim of the defendant deals with the alleged misrepresentations of the official interpreter. The interpreter, defendant asserts, did not translate the questions which the Judge put to counsel and the answers made by counsel in regard to attorney-client conferences and the minimum sentence. There is, however, no requirement that such questions be asked. It is a purely gratuitous act on the part of the court. The question then must be whether this court would vacate the judgment if in fact the interpreter had not translated the colloquy between attorney and court to the defendant. Another way of phrasing this would be whether, if the questions had not been asked at all, would coram nobis lie? We think not. The questions were not required, so that their total absence, above and apart from defendant’s lack of knowledge of such questions and answers, would not be sufficient ground for the vacatur of the judgment.
Finally, all the papers considered by the trial court demonstrate that the presumption of regularity is buttressed with proof. By defendant’s own admission he was represented by counsel of his own choosing and assigned an interpreter, with whom he concededly conversed. The minutes reveal the Judge’s consideration for the defendant’s rights in interrogating both defendant and his lawyer before the plea was taken. The lawyer’s responses when the plea was accepted and his appeal for leniency on the sentence reflected the acts of a knowledgeable, loyal counsel. Where an accused person remains silent, under circumstances where, in spite of an alleged inability to understand English, he was in a position to convey his grievance to the court, he may not thereafter be heard to claim in a collateral attack that the conviction was procured by fraud or misrepresentation (People v. Moore, 284 App. Div. 925).