LYNN, J.
The State appeals an order of the Circuit Court (Rappa, J.) that dismissed a criminal mischief charge on the ground that it was time-barred by the statute of limitations. We reverse and remand.
The following facts are not in dispute. On December 21, 2011, Lincoln police prepared a complaint charging the defendant, Jeffrey Maxfield, with criminal mischief, a class A misdemeanor offense. See RSA 634:2 (Supp. 2014). The complaint alleged that on December 14, the defendant had recklessly damaged another’s property at Parker’s Motel in Lincoln. A justice of the peace issued an arrest warrant one week later, but the defendant was not arrested until August 6, 2013. The State filed the complaint in court on August 9, three days after the defendant’s arrest.
*679 On September 19, 2013, the defendant moved to dismiss the charge, arguing that the delay between the issuance of the arrest warrant and his arrest violated his rights to a speedy trial, due process, and fundamental fairness under both the New Hampshire and United States Constitutions. The trial court denied this motion on November 6,2013. The defendant filed a motion to reconsider, which the court likewise denied. The defendant then filed a second motion to dismiss, arguing that the charge was barred by the one-year statute of limitations applicable to misdemeanor level offenses. See RSA 625:8, 1(c) (Supp. 2014). On December 5, 2013, the trial court granted the defendant’s second motion to dismiss. In denying the State’s motion to reconsider, the trial court stated that it “was unreasonable for there to be a delay of eighteen months between the commencement of prosecution and the commencement of the adversarial proceeding.” This appeal followed.
On appeal, the State argues that the one-year period of limitations that applied to the defendant’s criminal mischief charge was not violated and that the trial court erred in applying a reasonableness standard because the plain language of RSA 625:8, V (Supp. 2014) states merely that “[a] prosecution is commenced on the day when a warrant... is issued,” and does not provide for an inquiry into whether the warrant was executed in a reasonable amount of time. The defendant responds that although the State’s interpretation of the statute is “literal,” it “is ultimately not reasonable.” For this reason, the defendant asks us to construe RSA 625:8, V as requiring, when the State relies upon the issuance of an arrest warrant to toll the statute of limitations, “that the warrant be executed no later than a reasonable time after the expiration of the limitations period.”
To resolve this issue, we must engage in statutory interpretation. “Statutory interpretation is a question of law, which we review de novo.” Appeal of Local Gov’t Ctr., 165 N.H. 790, 804 (2014). “In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole.” Id. “We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning.” Id. ‘We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include.” Id. ‘We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result.” Id. “Moreover, we do not consider words and phrases in isolation, but rather within the context of the statute as a whole.” Id. “This enables us to better discern the legislature’s intent and to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme.” Id.
*680 RSA 625:8 provides, in relevant part, that:
I. Except as otherwise provided in this section, prosecutions are subject to the following periods of limitations:
(c) For a misdemeanor, one year;
IV. Time begins to run on the day after all elements of an offense have occurred ....
V A prosecution is commenced on the day when a warrant or other process is issued, an indictment returned, or an information filed, whichever is the earliest.
VI. The period of limitations does not run:
(a) During any time when the accused is continuously absent from the state or has no reasonably ascertained place of abode or work within this state; or
(b) During any time when a prosecution is pending against the accused in this state based on the same conduct.
Under the plain language of the statute, the one-year limitations period for the defendant’s criminal mischief charge began to run on December 15, 2011, the day after all the elements of the alleged offense had occurred. See RSA 625:8, I, IV. Paragraph V makes clear that “[a] prosecution is commenced” on the earliest of the following dates: (1) when a warrant or other process is issued; (2) when an indictment is returned; or (3) when an information is filed. RSA 625:8, V. In this case, the prosecution against the defendant was commenced on December 21,2011, the date the warrant was issued. Nothing in the plain language of paragraph V requires that a warrant issued under RSA 625:8 be executed within a reasonable time, nor does the language provide the trial court with license to inquire into the reasonableness of the warrant’s execution.
Next, paragraph VI(b) states that the period of limitations does not run “[djuring any time when a prosecution is pending.” RSA 625:8, VI(b). Based upon a plain reading of the statute, then, the limitations period was tolled on the date that prosecution commenced against the defendant — December 21,2011, when the warrant was issued. Thus, we agree with the State that the one-year statute of limitations was not violated in this case because the time period between when the statute of limitations began to run and when it was tolled was approximately one week. Because the language of RSA 625:8 is plain and unambiguous, and because we will not *681 add language to a statute that the legislature did not see fit to include, see Appeal of Local Gov’t Ctr., 165 N.H at 804, we hold that the trial court erred by reading a reasonableness standard into the statute.
The defendant asserts, however, that an interpretation based solely upon the plain language of RSA 625:8 produces an absurd result. He advances two specific arguments to support this assertion. First, he contends that a literal reading does not satisfy the notice function essential to a statute of limitations, and thus circumvents the spirit of the act. And second, he claims that this reading allows for the passage of an indefinite period of time between the closing of the protection afforded by the statute of limitations and the opening of the protection offered by the speedy trial doctrine, which did not commence in this case until the complaint was filed in court. See State v. Brooks, 162 N.H. 570, 581 (2011).
Because our statute is clear on its face, we will only look beyond the language of the statute if a plain reading would compel an absurd result. See State v. Breest, 167 N.H. 210, 212-13 (2014). We are not persuaded that such absurd results follow from a literal interpretation of the statute of limitations. First, we reject the defendant’s argument that the spirit of the statute was circumvented. This argument is based upon the- incorrect premise that a statute of limitations serves a singular purpose — to provide notice to a defendant of when he or she is no longer at risk of being held accountable for certain conduct — and that this purpose is defeated when the statute is tolled through the issuance of an arrest warrant that is not executed with reasonable promptness. However, a statute of limitations serves many other functions in addition to notice, including: “protecting] individuals from having to defend themselves against charges when the basic facts may have become obscured”; “minimizing] the danger of official punishment because of acts in the far-distant past”; and “encouraging law enforcement officials promptly to investigate suspected criminal activity.” United States v. Marion, 404 U.S. 307, 323 (1971) (quotation omitted). The fact that the defendant here did not receive notice of the charge against him prior to what, in the absence of the warrant, would have been the expiration of the limitations period, no more defeats the purpose of the statute of limitations than does the return of a secret indictment or the filing in court of a sealed complaint or information. These occurrences likewise toll the statute of limitations without providing notice to a defendant, who may not be arrested until after the limitations period otherwise would have expired.
We also reject the defendant’s second absurdity argument, i.e., that our plain language construction of RSA 625:8 creates the potential for an indefinite temporal gap between the protections afforded by the statute of limitations and those afforded by the constitutional right to a speedy trial. *682 We find no potential for absurd results inasmuch as a criminal defendant’s right to due process of law under the State and Federal Constitutions provides adequate protection against overly stale prosecutions in situations where such a gap may exist. See State v. Varagianis, 128 N.H. 226, 228 (1986) (recognizing that “an arbitrary delay between the time of an offense and the arrest or indictment of a defendant may result in a denial of due process” (quotation omitted)). Because we are not persuaded that a literal interpretation would produce absurd results, we decline the defendant’s invitation to consider the statute’s legislative history or to look to other jurisdictions to interpret its language.
The dissent asserts that, without the reasonableness requirement it would incorporate into RSA 625:8, V, the terms of that statute conflict with the policy of the statute of limitations to afford a defendant protection against stale prosecutions. The problem with this argument is that the statute of limitations does not purport to protect against stale prosecutions under any and all circumstances. Rather, as written, RSA 625:8, V plainly reflects a legislative assessment “of the relative interests of the State and the defendant in administering and receiving justice,” State v. Knickerbocker, 152 N.H. 467, 474 (2005), that trumps the protection against stale prosecutions when the State has taken certain actions to commence a prosecution, one of which is the obtaining of a warrant for the arrest of the defendant. Although our holding is dictated by a plain reading of the statute, we observe that the defendant’s position appears to have much to commend it as a matter of public policy. The legislature therefore may wish to consider whether RSA 625:8 should be amended accordingly.
For the reasons stated above, we reverse the order of the trial court dismissing the complaint and remand for further proceedings consistent with this opinion.

Reversed and remanded.

ÜALIANIS, C.J., and Hicks and BASSETT, JJ., concurred; CONBOY, J., dissented.