NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

―――――――――――――――――

Grafton
No. 2016-0176

THE STATE OF NEW HAMPSHIRE

v.

PAUL R. SANTAMARIA

Argued: November 16, 2016
Opinion Issued: March 10, 2017

Joseph A. Foster, attorney general (Sean R. Locke, assistant attorney general, on the brief and orally), for the State.

Green & Utter, P.A., of Manchester (Philip H. Utter on the brief and orally), for the defendant.

HICKS, J. The defendant, Paul R. Santamaria, appeals an order of the Superior Court (MacLeod, J.) dismissing his petition for a writ of coram nobis. We affirm.

The record supports the following facts. On June 10, 1998, the defendant was convicted of first degree assault. His trial counsel filed a motion to set aside the verdict, which the court denied. Subsequently, the court sentenced the defendant to incarceration for twelve months. The defendant's trial counsel withdrew from the case and, through appellate counsel, the

defendant appealed to this court, challenging the sufficiency of the evidence at trial and the trial court's decision to permit a police officer to testify as an expert witness.  See State v. Santamaria, 145 N.H. 138, 139 (2000).  We affirmed his conviction.  See id.

On December 30, 2014, sixteen years after his conviction, the defendant filed a petition for a writ of coram nobis seeking to have his conviction vacated for ineffective assistance of trial counsel.  The trial court denied the defendant's petition, ruling that he was procedurally barred because he "could have, and should have, raised this claim earlier either on direct appeal, in a motion for a new trial, or in a habeas corpus petition," and because he failed to show "sound reasons" for failing to seek proper relief earlier.  (Quotation omitted.)  This appeal followed.

This case requires us for the first time to discuss the extraordinary writ of coram nobis.  See State v. Almodovar, 158 N.H. 548, 550 (2009) (concluding, without discussing, the defendant's appeal was not moot because he could file a writ of coram nobis).  In so doing, we make clear that, because the parties have not argued otherwise, we discuss only the common law writ of coram nobis.  We express no opinion as to whether the writ has a second source of authority in our State Constitution.  See Trujillo v. State, 310 P.3d 594, 599-600 (Nev. 2013) (determining that the writ of coram nobis is authorized by the Nevada Constitution).

"The writ of coram nobis is an ancient writ that developed in sixteenth century England."  Id. at 597.  The First Circuit Court of Appeals has described the writ as the "criminal-law equivalent" of a "Hail Mary pass."  United States v. George, 676 F.3d 249, 251 (1st Cir. 2012).  The writ addresses errors "discovered when the petitioner is no longer in custody and therefore cannot avail himself of the writ of habeas corpus."  M. Diane Duszak, Note, Post-McNally Review of Invalid Convictions Through the Writ of Coram Nobis, 58 Fordham L. Rev. 979, 979 (1990).  Granting such an extraordinary writ is reserved for the rarest of cases.  See George, 676 F.3d at 254 (stating that "successful petitions for coram nobis are hen's-teeth rare").

Because the writ of coram nobis existed within the body of English common law prior to adoption of our constitution, it continues to exist as a matter of New Hampshire common law so long as it is not "repugnant to the rights and liberties contained in [our] constitution."  N.H. CONST. pt. II, art. 90; Dennett v. Dennett, 43 N.H. 499, 502 (1862) ("It has been long settled, and very often decided, that the body of the common law, and the English statutes in amendment of it . . . were in force here . . . and they have been continued in force by the constitution, so far as they are not repugnant to that instrument . . . ."); State v. Rollins, 8 N.H. 550, 563-65 (1837) (interpreting Part II, Article 90 as recognizing the continuation of English common law and English statutes amending it).  The parties have not suggested, nor do we discern, any

2

respect to which the availability of the writ of <u>coram</u> <u>nobis</u> would be repugnant to the rights and liberties established by the New Hampshire Constitution. Indeed, we see no conflict between the writ of <u>coram</u> <u>nobis</u> and other specific rights guaranteed in our constitution. <u>See</u> N.H. CONST. pt. I, art. 15 (guaranteeing rights to accused, including due process), pt. II, art. 91 (establishing that the "privilege and benefit of the habeas corpus, shall be enjoyed in this state").

We begin by determining our standard of review. In an appeal from a denial of a petition for a writ of habeas corpus, we accept the trial court's factual findings unless they lack support in the record or are clearly erroneous, but review the trial court's legal conclusions <u>de</u> <u>novo</u>. <u>Barnet v. Warden, N.H. State Prison for Women</u>, 159 N.H. 465, 468 (2009). This standard is similar to the standard the First Circuit applies to review a denial of a petition for a writ of <u>coram</u> <u>nobis</u>. <u>See</u> <u>George</u>, 676 F.3d at 256. Accordingly, we apply in this case our standard for reviewing the denial of petitions for habeas corpus.

Resolving the issues in this appeal requires us to engage in statutory interpretation. "Statutory interpretation is a question of law, which we review <u>de</u> <u>novo</u>." <u>State v. Maxfield</u>, 167 N.H. 677, 679 (2015) (quotation omitted). "In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole." <u>Id</u>. (quotation omitted). "We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning." <u>Id</u>. (quotation omitted). "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." <u>Id</u>. (quotation omitted).

We first address whether, as the State contends, the common law writ of <u>coram</u> <u>nobis</u> was abolished by RSA 526:1 (2007), which provides: "A new trial may be granted in any case when through accident, mistake or misfortune justice has not been done and a further hearing would be equitable." "Statutes in derogation of the common law are to be interpreted strictly." <u>Estate of Gordon-Couture v. Brown</u>, 152 N.H. 265, 266 (2005). "While a statute may abolish a common law right, there is a presumption that the legislature has no such purpose." <u>Id</u>. "If such a right is to be taken away, it must be expressed clearly by the legislature." <u>Id</u>. The plain language of RSA 526:1 does not clearly repeal or replace the common law writ of <u>coram</u> <u>nobis</u>. Accordingly, we hold that RSA 526:1 does not abrogate the writ.

We next consider whether, as the defendant argues, a petition for a writ of <u>coram</u> <u>nobis</u> may be used to assert a legal error, such as ineffective assistance of counsel. <u>See</u> <u>United States v. Morgan</u>, 346 U.S. 502, 512-13 (1954) (holding that <u>coram</u> <u>nobis</u> is available to correct a constitutional violation). "The writ of coram nobis was traditionally brought before the trial court to correct an error of fact which did not appear on the record." Duszak,

supra at 981.  In the federal courts, the writ of <u>coram</u> <u>nobis</u> is now "available to correct violations of the Constitution and laws of the United States," in addition to correcting factual errors.  <u>Trujillo</u>, 310 P.3d at 598 (citing cases); <u>see</u> <u>Morgan</u>, 346 U.S. at 512-13.

Such is not the case in most states.  In the majority of states, "[t]he writ of <u>coram</u> <u>nobis</u> is not available . . . because those states have enacted uniform post-conviction acts that provide a streamlined, single remedy for obtaining relief from a judgment of conviction, and that remedy is available to petitioners who are no longer in custody."  <u>Trujillo</u>, 310 P.3d at 598.  In the states that have not abrogated the writ by statute, seven "strictly follow the common-law definition of the writ," thus, limiting it "to claims of factual error."  <u>Id</u>. at 598 & n.4 (citing cases).  Another five jurisdictions allow the writ to be used to address both factual errors and certain limited categories of legal errors.  <u>Id</u>. at 598 n.4 (citing cases).

We need not decide in this case whether the writ may be used in New Hampshire to correct legal errors because, even if it may be so used, it is not available to the defendant.

A common threshold requirement to bringing a petition for a writ of <u>coram</u> <u>nobis</u> is that "sound reasons exist[] for fail[ing] to seek appropriate earlier relief."  <u>Morgan</u>, 346 U.S. at 512; <u>see</u> <u>State v. Smith</u>, 117 A.3d 1093, 1108 (Md. 2015); <u>State v. Hutton</u>, 776 S.E.2d 621, 639 (W. Va. 2015).  Here, the defendant has failed to meet that requirement.  <u>See</u> <u>Morgan</u>, 346 U.S. at 512.

The defendant argues that he could not have brought his ineffective assistance claim earlier in a direct appeal, a motion for a new trial, or a petition for a writ of habeas corpus.  Even if we assume without deciding that the defendant's claim could not have been brought in a direct appeal, we conclude that he could have brought his claim in a motion for a new trial or a petition for a writ of habeas corpus.  <u>See</u> <u>State v. Pepin</u>, 159 N.H. 310, 312 (2009) (stating that "in other cases this court has decided the merits of ineffective assistance of counsel claims on motions for new trial and petitions for writs of habeas corpus").  We disagree with the defendant's assertion that a claim of ineffective assistance of counsel cannot constitute "accident, mistake or misfortune" within the meaning of RSA 526:1.  <u>See</u> 2A Richard B. McNamara, <u>New Hampshire Practice:  Criminal Practice and Procedure</u> § 32.85, at 115-16 (5th ed. 2010).  A motion for a new trial based upon ineffective assistance of counsel has long been available to criminal defendants.  <u>See</u> <u>State v. Thompson</u>, 161 N.H. 507, 524 (2011) (generally ineffective assistance of counsel claims "should be adjudicated in the superior court by collateral review").  We also disagree with the defendant's argument that he could not have filed a habeas corpus petition because he was in custody for only eight months.

4

The defendant contends that he could not have brought his claim earlier because "he could not possibly have known that his trial counsel provided constitutionally defective representation at the conclusion of the trial." However, all of the errors that he alleges occurred during trial. His petition stated that his trial counsel erred by: (1) setting forth a theory of defense that was inconsistent with the known evidence and the defendant's testimony; (2) failing meaningfully to consult with the defendant regarding the decision that he testify; and (3) wrongfully declining the State's plea offer. We agree with the trial court that his claims were based "entirely on facts known to him at the conclusion of the trial."

Although at oral argument, the defendant faulted the trial court for having ruled upon his petition without holding a hearing, because he has not briefed that argument, it is deemed waived. See State v. Kelly, 159 N.H. 390, 394 (2009). We acknowledge the viability of the extraordinary common law writ of coram nobis. However, we agree with the trial court that it is not available to the defendant. Thus, we conclude that the trial court correctly denied the petition.

Affirmed.

DALIANIS, C.J., and CONBOY, LYNN, and BASSETT, JJ., concurred.