NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
No. 2015-0578

THE STATE OF NEW HAMPSHIRE

v.

DAVID J. WIDI, JR.

Argued: January 26, 2017
Opinion Issued: June 22, 2017

Joseph A. Foster, attorney general (Kenneth A. Sansone, assistant attorney general, on the brief and orally), for the State.

David M. Rothstein, deputy director public defender, of Concord, on the brief and orally, for the defendant.

BASSETT, J. The defendant, David J. Widi, Jr., appeals an order of the Superior Court (Wageling, J.) denying his petition for a writ of coram nobis. He argues that the trial court erred by denying his petition without holding an evidentiary hearing. We recently held that the common law writ of coram nobis continues to exist in New Hampshire. State v. Santamaria, 169 N.H. ___, ___ (decided March 10, 2017) (slip op. at 2-3). This case presents the distinct issue of whether a trial court may deny a defendant's petition for a writ of coram nobis without holding an evidentiary hearing. We hold that a trial court may deny a petition for a writ of coram nobis without holding an evidentiary hearing

if the record clearly demonstrates that the defendant is not entitled to coram nobis relief. Here, because the record clearly demonstrates that no sound reason exists for the defendant's failure to seek earlier relief, see id. (slip op. at 4), we conclude that the trial court did not err when it denied the defendant's petition without an evidentiary hearing. Accordingly, we affirm.

The following facts are found in the record. In 2003, the defendant was indicted on one count of felony reckless conduct. The indictment alleged that he committed that crime on April 18, 2003, by "plac[ing] a loaded .45 caliber gun in a box in Warner's Hallmark store . . . such .45 caliber gun constituting a deadly weapon."

In February 2004, the defendant filed a notice of intent to plead guilty to a charge of misdemeanor reckless conduct in exchange for a negotiated sentence. A plea and sentencing hearing was scheduled. At that hearing, the parties submitted an agreement to the court, stating that the defendant withdrew his notice of intent to plead guilty and requested a trial.

Thereafter, the defendant's counsel, Attorney Richard Foley, withdrew from the case. In July, the court notified the defendant that his trial was scheduled to proceed in August. The defendant then retained Attorney Ryan Russman to represent him, and the trial was continued. Subsequently, the State sent Russman a revised plea offer. The defendant subsequently filed a notice of intent to plead guilty and entered that plea in December 2004. The resulting sentencing order form and mittimus stated that, upon his plea of guilty, he was convicted of felony reckless conduct.

Almost four years later, in November 2008, the defendant was charged with the federal offense of being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1) (2015), with his felony reckless conduct conviction serving as the predicate felony. He was subsequently convicted of that federal offense and sentenced to 108 months in prison. See United States v. Widi, 684 F.3d 216, 218-19, 224, 226 (1st Cir. 2012) (upholding this defendant's federal felon in possession conviction and noting that, during his federal trial, he stipulated to the 2004 felony reckless conduct conviction as the predicate felony).

In 2010, the defendant filed in the trial court a "Motion to Correct the Record." In that motion, the defendant asserted that it "ha[d] recently come to [his] attention that the [m]ittimus" for his conviction reflected that he was convicted of felony reckless conduct. He further asserted that a felony indictment for reckless conduct — instead of a misdemeanor information for reckless conduct — "was erroneously submitted at sentencing . . . causing the misclassification of [his] conviction in the [m]ittimus." Consequently, he requested that the mittimus for his reckless conduct conviction be "correct[ed]" to reflect that he had pleaded guilty to misdemeanor reckless conduct, not felony reckless conduct. The trial court denied the defendant's motion in

2

September 2010, and the defendant appealed to this court. We declined the defendant's request for a discretionary appeal, see State v. Widi, 2010-0727 (N.H. Feb. 23, 2011), as did the United States Supreme Court, see Widi v. New Hampshire, 133 S. Ct. 309 (2012).

In November 2014, the defendant filed a petition for a writ of coram nobis in the trial court. In the petition, the defendant asserted that "an error caused the [reckless conduct] offense to be misclassified as a felony," that he was actually innocent of felony reckless conduct, that his plea was not knowingly and intelligently entered, and that he received ineffective assistance of counsel. His petition requested that the trial court correct "the record to reflect a misdemeanor conviction or schedule an evidentiary hearing." The trial court denied the defendant's petition without holding an evidentiary hearing, reasoning that the petition merely reiterated arguments that previously had been raised by the defendant and dismissed by the court. The trial court also observed that the record before it refuted the defendant's claims of error. The defendant filed a motion for reconsideration, which the trial court denied. This appeal followed.

On appeal, the defendant argues that the trial court erred by denying his petition for a writ of coram nobis without holding an evidentiary hearing on his claims. He asserts that the court should have assumed the truth of the facts alleged in his petition and construed all reasonable inferences in his favor. See Lamb v. Shaker Reg'l Sch. Dist., 168 N.H. 47, 49 (2015) (observing that, when reviewing a civil motion to dismiss for failure to state a claim, the court "assume[s] the truth of the facts alleged by the plaintiff and construe[s] all reasonable inferences in the light most favorable to the plaintiff"). He contends that, had the trial court applied the proper standard, it would have found that the facts alleged constituted a basis for coram nobis relief, thereby entitling him to an evidentiary hearing during which he would have the opportunity to prove those facts. The State counters that a defendant seeking coram nobis relief "is not entitled to an evidentiary hearing as a matter of right." It further argues that, because the defendant failed to articulate sound reasons explaining his failure to seek earlier relief from the time of his conviction in 2004 to the filing of the subject petition in 2014, the trial court properly denied his petition without an evidentiary hearing. We agree with the State.

We recently held that relief under the common law writ of coram nobis continues to be available in New Hampshire. Santamaria, 169 N.H. at ___ (slip op. at 2-3). In Santamaria, we observed that a threshold requirement to obtaining coram nobis relief is that sound reasons exist for failing to seek earlier relief. Id. (slip op. at 4). We denied coram nobis relief to the defendant in that case because he failed to meet that requirement. Id. (slip op. at 4). Although the defendant in Santamaria asserted at oral argument that the trial court erred by denying his petition without an evidentiary hearing, we deemed

3

that argument waived.  Id. (slip op. at 5).  This case squarely presents that issue.

In Santamaria, when articulating our standard of review, we did so with reference to case law pertaining to petitions for writs of habeas corpus.  See id. (slip op. at 3).  Given the similarities between these avenues for relief, we looked to our habeas corpus procedures to inform our approach to coram nobis proceedings.  See United States v. Mandel, 862 F.2d 1067, 1077 (4th Cir. 1988) (Hall, J., dissenting) (acknowledging that coram nobis and habeas corpus petitions involve "roughly similar proceedings," but noting that burden of proof required of coram nobis petitioner is much greater than that required of habeas corpus petitioner (quotation omitted)).  Consequently, in answering the question presented in this appeal — whether, and under what circumstances, a trial court may deny a petition for a writ of coram nobis without holding an evidentiary hearing — we again look to our habeas corpus jurisprudence for guidance.  Federal jurisdictions have uniformly taken the same approach.  See, e.g., United States v. Taylor, 648 F.2d 565, 573 n.25 (9th Cir. 1981) ("Whether a hearing is required on a coram nobis motion should be resolved in the same manner as habeas corpus petitions.");  Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996) (same);  Owensby v. United States, 353 F.2d 412, 417 (10th Cir. 1965) (same).

In New Hampshire, a trial court may deny a petition for a writ of habeas corpus without holding an evidentiary hearing "if the existing record of the case clearly indicates that the petitioner is not entitled to the relief requested on the grounds alleged."  Grote v. Powell, Commissioner, 132 N.H. 96, 99 (1989) (upholding denial of petition for writ of habeas corpus based upon ineffective assistance of counsel without an evidentiary hearing when the record demonstrated that defendant could not prevail);  see also Diamontopoulas v. State, 140 N.H. 182, 184-85 (1995) (extending holding of Grote to other types of habeas claims);  White v. Hancock, 106 N.H. 172, 173-74 (1965) (describing the record in habeas case as including the petition).  We conclude that this same principle should apply to petitions for writs of coram nobis.  Accordingly, we hold that a trial court may deny a petition for a writ of coram nobis without holding an evidentiary hearing if the record clearly demonstrates that the defendant is not entitled to coram nobis relief.

This standard is consistent with the views of other courts on whether, and under what circumstances, a trial court may deny a petition for a writ of coram nobis without holding an evidentiary hearing.  See, e.g., United States v. Michaud, 925 F.2d 37, 39 (1st Cir. 1991) (stating that in considering a petition for a writ of coram nobis "conclusory allegations unsupported by specifics are insufficient to require a court to grant an evidentiary hearing, as are contentions that in the face of the record are wholly incredible" (quotations, ellipsis, and brackets omitted));  Owensby, 353 F.2d at 417 (finding no evidentiary hearing necessary when "petition on its face demonstrated that

4

appellant was entitled to no relief"); People v. Shipman, 397 P.2d 993, 995 (Cal. 1965) (in bank) ("In view of these strict requirements, it will often be readily apparent from the petition and the court's own records that a petition for coram nobis is without merit and should therefore be summarily denied."); Butler v. United States, 884 A.2d 1099, 1105 (D.C. 2005) ("When the files and record show conclusively that the petitioner is not entitled to relief, no evidentiary hearing is required."); People v. Hernandez, 170 N.E.2d 673, 675 (N.Y. 1960) ("We find that no true question of fact exists which would warrant a hearing. The facts alleged have been shown to be either demonstrably false or, even if true, not fit grounds for a writ of error coram nobis.").

Before considering whether the record in this case clearly demonstrates that the defendant is not entitled to coram nobis relief, we address the defendant's contention that we cannot consider the issue of his delay in seeking earlier relief because the State did not raise the issue in the trial court and it is, therefore, not preserved for our review. To the contrary, "preservation is a limitation on the parties to an appeal and not the reviewing court," Camire v. Gunstock Area Comm'n, 166 N.H. 374, 377 (2014), and therefore, the State's failure to raise the issue is not determinative of whether we may review the defendant's petition and the record to evaluate whether he is entitled to coram nobis relief. We conclude that the issue of the defendant's delay in seeking relief is properly before us.

Indeed, the issue of the defendant's delay in seeking earlier relief is dispositive. As in Santamaria, we assume, without deciding, that all of the defendant's claims — whether based upon errors of law or fact — are cognizable in a petition for a writ of coram nobis. See Santamaria, 169 N.H. at ___ (slip op. at 3-4) (not reaching issue of whether writ of coram nobis may be used to correct legal errors). Compare Trujillo v. State, 310 P.3d 594, 601 (Nev. 2013) (holding that writ of coram nobis may be used to correct only errors of fact, not errors of law), with United States v. Morgan, 346 U.S. 502, 512-13 (1954) (allowing coram nobis petition to correct a constitutional violation). Nevertheless, like the defendant in Santamaria, the defendant here has not demonstrated "that sound reasons exist for [his] fail[ure] to seek appropriate earlier relief." Santamaria, 169 N.H. at ___ (slip op. at 4) (quotation and brackets omitted).

The defendant contends that he did not discover that his 2004 conviction had been recorded as a felony until 2008. He argues that, therefore, he could not have sought earlier relief for this alleged error and his constitutional claims arising therefrom. He asserts that, since that discovery in 2008, he has timely and diligently pursued post-conviction relief. Specifically, he asserts that: (1) before 2008, he did not know that he had been convicted of felony reckless conduct; (2) he filed a motion to correct the record in 2010 that was pending until 2012; and (3) he filed the present petition for a writ of coram nobis in November 2014.

5

We are not persuaded.  Even if we were to accept the fact that the defendant did not learn until 2008 that his 2004 conviction had been recorded as a felony, he has not explained his delay in seeking relief between 2008 and 2014 — when he filed this petition.

The defendant advances four claims that allegedly entitle him to coram nobis relief: (1) incorrect recording of his 2004 reckless conduct conviction as a felony; (2) actual innocence; (3) involuntary plea; and (4) ineffective assistance of counsel by Foley and Russman.  All four claims arise out of the purportedly incorrect classification of his 2004 conviction as a felony.  Regarding this underlying claim, the defendant has not articulated any reason why he did not seek relief on this basis between November 2008, when he alleges he learned that he had been convicted of a felony, and 2010, when he filed his motion to correct the record.  The defendant's motion to correct the record, although not styled as a petition for a writ of coram nobis, was based upon the same error he now asserts, and requested relief similar to the relief he now requests.  That motion was denied, and that judgment became final in 2012.  See State v. Widi, 2010-0727 (N.H. Feb. 23, 2011), cert. denied, 133 S. Ct. 309 (2012).  The defendant's current claim that his conviction was incorrectly recorded as a felony does not materially differ from the claim that was raised and dismissed in his motion to correct the record.  Cf. Petition of Moebus, 74 N.H. 213, 214-15 (1907) (denying petition for writ of habeas corpus where it was clear on the face of the petition that the facts and allegations raised did not materially differ from those raised in prior unsuccessful petition).  This deficiency alone supports denial of coram nobis relief.  See Grant v. State, 469 S.W.3d 356, 360 (Ark. 2015) (per curiam) (dismissing petition for writ of coram nobis in part because it raised a claim that had already been raised and rejected in prior proceeding), cert. denied, 136 S. Ct. 1524 (2016); cf. Grote, 132 N.H. at 99 ("[R]epeated applications for a writ of habeas corpus introducing no new facts material to the issue will ordinarily be summarily disposed of." (quotation omitted)).  However, even assuming that the current iteration of the defendant's claim is distinguishable from the unsuccessful claim raised in his motion to correct the record, the defendant has made no effort to explain why he could not have raised his current claim between 2012 and 2014.

The remainder of the defendant's claims — actual innocence, involuntary plea, and ineffective assistance against Foley and Russman — all arise out of the purportedly incorrect recording of his conviction as a felony.  Even if we assume that the defendant did not learn, or could not have learned, of the basis for these claims until November 2008, the defendant has not explained why he did not seek relief on any of them until he filed the subject petition in 2014.  Notably, the defendant did not raise any of these claims in his 2010 motion to correct the record — even though they arise out of the same facts as the claim alleged in his motion to correct the record.  The defendant has offered no reason why he could not have made these claims between 2008 and 2014, either in his motion to correct the record, or otherwise.

6

Looking beyond the reasons articulated by the defendant, no sound reason for his delay in seeking earlier relief is apparent from the record. Thus, the record as a whole clearly demonstrates that the defendant has not satisfied his threshold burden of showing "that sound reasons exist for [his] fail[ure] to seek appropriate earlier relief." Santamaria, 169 N.H. at ___ (slip op. at 4) (quotation and brackets omitted). Accordingly, we conclude that, under these circumstances, the trial court did not err when it denied the defendant's petition without holding an evidentiary hearing.

Finally, any issues raised in the defendant's notice of appeal, but not briefed, are deemed waived. See State v. Blackmer, 149 N.H. 47, 49 (2003).

Affirmed.

HICKS, CONBOY, and LYNN, JJ., concurred.