# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0348, <u>State of New Hampshire v. Jessica A. Branco</u>, the court on January 31, 2020, issued the following order:**

Having considered the opening and reply briefs filed by the defendant, Jessica A. Branco, the memorandum of law filed by the State, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). Following a bench trial, the Circuit Court (<u>Steckowych</u>, J.) found the defendant guilty of violating RSA 466:31, II(g) (2018) because her dog bit or attacked the victim's dog. For this violation-level offense, <u>see</u> RSA 466:31-a, I (2018), the court fined the defendant $100 and suspended the fine for twelve months on the condition that she be of good behavior and that she muzzle her dog. The court also ordered the defendant to pay the victim restitution in the amount of $1,610.31. We affirm.

On appeal, the defendant first argues that the trial court erred by finding her guilty of violating RSA 466:31, II(g), and asserts that the court, instead, should have found the victim guilty of violating that statute. We interpret this argument as a challenge to the sufficiency of the evidence.

A challenge to the sufficiency of the evidence raises a claim of legal error; therefore, our standard of review is <u>de</u> <u>novo</u>. State v. Boutin, 168 N.H. 623, 627 (2016). In reviewing a sufficiency of the evidence claim, we view the evidence presented at trial, and all reasonable inferences drawn therefrom, in the light most favorable to the State and uphold the trial court's guilty finding unless no rational trier of fact could have found guilt beyond a reasonable doubt. <u>See</u> <u>id</u>. Reviewing the record in the light most favorable to the State "involves resolving issues of credibility in the State's favor." <u>State v. Woodbury</u>, 172 N.H. 358, 364 (2019). The defendant bears the burden of demonstrating that the evidence was insufficient to prove guilt. <u>Boutin</u>, 168 N.H. at 627.

RSA 466:31, II(g) provides that a dog, "whether alone or in a pack with other dogs," that "bites, attacks, or preys on game animals, domestic animals, fowls or human beings" is considered to be a "nuisance, a menace, or vicious." RSA 466:31-a, I, provides that "[a]ny person who violates any provision of RSA 466:31 shall be guilty of a violation." Thus, for the trial court to have found the defendant guilty of violating RSA 466:31, II(g), the court had to find, beyond a reasonable doubt, that her dog bit or attacked the victim's dog.

Viewing the evidence and all reasonable inferences in the light most favorable to the State, we conclude that it was sufficient for a rational trier of fact to find, beyond a reasonable doubt, that the defendant's dog bit or attacked the victim's dog. The victim testified that on the day in question, she was with her dog, "Squirt," in her back yard when Squirt walked to the end of her property where it is lined with trees. The victim heard "a lot of noise." When the victim "came through the tree line[,] [she] saw [the defendant] with [her] dog[,] Busta." As the victim reached down to grab Squirt, "Busta already saw him and went and attacked him." As a result of the attack, Squirt "had three holes . . . in his skull" and a broken jaw. The victim testified that Squirt died of his injuries two days later.

The defendant testified that Busta and Squirt used to play together, but that "we have stopped . . . having Busta go around Squirt because we just don't know what his tendencies can and can't be. He's a wild animal." The defendant testified that she does not take Busta "to a dog park because he doesn't get along with other dogs." The defendant also testified that her dog "did grab" the victim's dog and then "let him go . . . and cowered like he knew he did something wrong." Viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the State, we conclude that it was sufficient for a rational trier of fact to find, beyond a reasonable doubt, that the defendant's dog bit or attacked the victim's dog.

The defendant next asserts that the trial court lacked authority to order her to pay restitution. Resolving this issue requires that we interpret the relevant statutes. We review the trial court's statutory interpretation de novo. State v. Santamaria, 169 N.H. 722, 725 (2017). In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. State v. Wilson, 169 N.H. 755, 760 (2017). We construe provisions of the Criminal Code according to the fair import of their terms and to promote justice. Id. We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Id. at 760-61. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. at 761. We must give effect to all words in a statute, and presume that the legislature did not enact superfluous or redundant words. Id.

The defendant contends that the court could not order her to pay restitution in part because: (1) a violation is not a "crime" under RSA 625:9, II(b) (2016); and (2) a person found guilty of a violation is not an "offender" under the restitution statute, RSA 651:63 (Supp. 2019). We rejected these very contentions in State v. Woods, 139 N.H. 399 (1995).

Woods, like the defendant in this case, was found guilty of a violation-level offense, was ordered to pay restitution, and argued that the trial court

2

lacked statutory authority "to order restitution in the case of a violation." Woods, 139 N.H. at 399. In rejecting his argument, we found such authority in the restitution statute itself. Id. at 400-02. We concluded that, although the word "offender" in the restitution statute is defined as a person who is "convicted of a criminal or delinquent act," RSA 651:62, IV (2016), and although a violation is not a crime under RSA 625:9, II(b), the legislature intended the word "criminal," as used in the restitution statute, to apply to violation-level offenses. Woods, 139 N.H. at 400-02. Thus, in Woods, we held that the trial court "had ample statutory authority to sentence [him] to pay restitution to the victim of his offense." Id. at 402.

The defendant further argues that RSA 466:31-a, II(c) (2018) allowed the trial court only to impose "a civil forfeiture of $100.00." She concedes that she "chose to have her case heard in court, instead of paying the civil forfeiture as outlined in RSA 466:31-a[,] II prior to court," but asserts that, nonetheless, the only penalty to which she could be subject is "a civil forfeiture of $100.00."

RSA 466:31-a (2018) provides:

> I. Any person who violates any provision of RSA 466:31 shall be guilty of a violation; provided that if such person chooses to pay the civil forfeiture specified in paragraph II, the person shall be deemed to have waived the right to have the case heard in district or municipal court and shall not be prosecuted or found guilty of a violation of RSA 466:31. Any person who does not pay the civil forfeiture specified in paragraph II shall have the case disposed of in district or municipal court.

> II. Any person who violates any of the provisions of RSA 466:31 shall be liable for a civil forfeiture, which shall be paid to the clerk of the town or city wherein such dog is owned or kept within 96 hours of the date and time notice is given by any law enforcement officer or other person authorized by the town to the owner or keeper of a dog in violation of RSA 466:31. If the forfeiture is paid, said payment shall be in full satisfaction of the assessed penalty. The forfeiture shall be in the amount as specified for the following violations:

> . . . .

> (c) $100 for the first vicious offense under RSA 466:31, II(g).

> . . . .

> III. Any person who pays a civil forfeiture specified in paragraph II 2 times in any 12-month period according to the

3

records of the town or city clerk, may not pay a civil forfeiture for subsequent violations of RSA 466:31 in that 12-month period, but shall have those cases disposed of in district or municipal court. In the case of a vicious dog, as described by RSA 466:31, II(g), where its behavior presents a threat to public safety, immediate district court or municipal court proceedings may be initiated in lieu of the civil forfeiture.

As the trial court explained to the defendant, a "civil forfeiture" in RSA 466:31-a is the fee that a person accused of violating RSA 466:31 may pay to a town or city clerk so to avoid being prosecuted. RSA 466:31-a, II sets forth the schedule of such fees. However, when, as in this case, the defendant elects not to pay the civil forfeiture and, instead, elects to be tried in court, then the civil forfeiture provision does not apply. See RSA 466:31-a, I ("Any person who does not pay the civil forfeiture specified in paragraph II shall have the case disposed of in district or municipal court."). When a person elects to have the case tried in court, and the court finds the person guilty, then the court may impose any of the penalties allowed for violation-level offenses. See RSA 651:2 (Supp. 2019).

Here, the sentence the trial court imposed comported with its authority under RSA 651:2. RSA 651:2 allows a trial court to sentence a person found guilty of a violation "to conditional or unconditional discharge, or a fine." RSA 651:2, III-a. It also allows a trial court to sentence such a person to a "conditional discharge," and, among the conditions that the court may impose are those that restrict a defendant's "travel, association, place of abode, such as will protect the victim of the crime or insure the public peace." RSA 651:2, VI(a)(1). In addition, as previously discussed, a court may order a person found guilty of a violation to pay restitution. See RSA 651:63; see also RSA 651:2, VI(a)(3).

The defendant next contends that the trial court erred when it granted the State's request to sequester her husband. The State contends that the defendant has not demonstrated that she preserved this argument by raising it in the trial court. The State is correct.

It is a long-standing rule that, generally, parties may not have judicial review of matters that were not properly raised in the trial court. Thompson v. D'Errico, 163 N.H. 20, 22 (2011). "The rationale behind the rule is that trial forums should have an opportunity to rule on issues and to correct errors before they are presented to the appellate court." Mortgage Specialists v. Davey, 153 N.H. 764, 786 (2006) (quotation and brackets omitted). It is the burden of the appealing party, here the defendant, to provide this court with a record demonstrating that she raised her issues before the trial court. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see also Town of Nottingham v. Newman, 147 N.H. 131, 137 (2001) (rules of appellate practice

4

not relaxed for self-represented litigants).  Because the defendant has failed to demonstrate that she argued in the trial court that it was error to sequester her husband, we decline to address that argument on appeal.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**
